FLETCHER TRUST COMPANY, TRUSTEE AND TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106867.    Promulgated March 18, 1943.

*Paul N. Rowe, Esq.*, and *Jos. J. Daniels, Esq.*, for the petitioner. *John D. Kiley, Esq.*, and *Edward C. Adams, Esq.*, for the respondent.

800

OPINION.

TURNER, *Judge:* The petitioner's first contention is that no taxable gift was made by Landon in 1936 through cancellation and surrender of his right to change the beneficiaries of the trust or the terms of the trust agreement under which the beneficiaries were to receive their shares therein. It takes the position that, since the donor retained under the trust instrument as agreed upon and executed on May 23, 1932, no power to cause the beneficial title to any of the trust property to be revested in himself, the completed gift occurred on that date regardless of the fact that he did retain until the amendment of July 18, 1936, the right to change the beneficiaries named and the terms under which the interest of any beneficiary might be taken. It is argued by the petitioner that its position is in keeping with the provisions of article 3 of Regulations 79, as amended on February 26, 1936, and that the regulation as so amended is controlling. The question so raised has been considered and decided contrary to the contention of the petitioner in *Aldus C. Higgins,* 44 B. T. A. 1123; affirmed by the United States Circuit Court of Appeals for the First Circuit, 129 Fed. (2d) 237; certiorari denied, 317 U. S. 658, and that case is controlling here. See also

*Sanford's Estate* v. *Commissioner*, 308 U. S. 39; *Rasquin* v. *Humphreys*, 308 U. S. 54.

The second contention of the petitioner is that even though Landon did make a taxable gift or gifts by reason of the above relinquishment of power on July 18, 1936, it is not liable as transferee or trustee for the Federal gift tax imposed on Landon by reason of such gift or gifts. The transferee provisions of the statute, section 526 of the Revenue Act of 1932,[1] in and of itself was not designed and does not purport to create a new liability for tax on a transfer of property by gift, but to make applicable in collecting the liability of a transferee of property of the donor at law or in equity in respect of the tax the same methods of collection as are applicable in collecting the tax from the donor. See *Phillips* v. *Commissioner*, 283 U. S. 589. The petitioner admits that it is in fact a transferee of property of the donor but claims that it has no liability at law or in equity in respect of the tax on the gift of the property which it holds as trustee. It also concedes that the donee is a transferee under section 526, *supra*, and is therefore liable but denies under authority of *Helvering* v. *Hutchings*, 312 U. S. 393, and *United States* v. *Pelzer*. 312 U. S. 399, that it is the donee. Accordingly we have here a situation where the petitioner is in fact transferee of the property, the transfer of which by gift gave rise to the tax, and holds it for donees who as yet have not received the property itself but only the right to receive it at some indefinite future time. Considering the fact that such a large percentage of taxable gifts is effected by transfers of property, not to the donees directly, but to trustees who hold for them, we should have a strange situation indeed if it were true that Congress had extended the summary methods of collecting the liability in respect of the gift tax to a donee and not to the trustee who had received and holds the gift corpus for the donee.

Whether in the absence of the transferee provisions and other provisions of the statute, to which attention will be directed, it might be said that the petitioner by reason of its trusteeship is or

---

[1] SEC. 526. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in the tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a donor, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed by this title.

\* \* \* \* \* \* \*

(b) PERIOD OF LIMITATION.—The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows :

(1) Within one year after the expiration of the period of limitation for assessment against the donor.

\* \* \* \* \* \* \*

(f) DEFINITION OF "TRANSFEREE".—As used in this section, the term "transferee" includes donee, heir, legatee, devisee, and distributee.

is not liable at law or in equity in respect of the tax, we need not be concerned, for Congress did not leave the matter open to conjecture. In section 510 of the act[2] it is provided that the tax in question "shall be a lien" upon the property transferred by gift "for a period of ten years from the time" the gift is made and further that "If the tax is not paid when due, the donee * * * shall be personally liable for such tax to the extent of the value" of the gift. In section 526 (f) a donee is included in the term "transferee" and it matters not that the transfer of the property by gift did not render the donor insolvent. *Evelyn N. Moore*, 1 T. C. 14. In section 527[3] it is provided that "Upon notice to the Commissioner that any person is acting in a fiduciary capacity for a person subject to the liability specified in section 526, the fiduciary shall assume, on behalf of such person, the powers, rights, duties, and privileges of such person under such section (except that the liability shall be collected from the estate of such person), until notice is given that the fiduciary capacity has terminated," and in section 1111 of the act the term fiduciary is defined to mean, "guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person."

The petitioner argues generally that section 527 has no applicability to the situation here, and more specifically that the rights, powers, duties, etc., arise only "Upon notice to the Commissioner" that a person is acting in a fiduciary capacity for a person subject to liability under section 526; that the Commissioner by regulation has provided that the notice shall be given in a particular form and, since it has given no notice of its trusteeship on the form specified, no duties or liability under section 527 has attached to it. We find no merit in the argument made. Certainly it can not be denied that petitioner is acting in a fiduciary capacity for the donees in respect of the property transferred by Landon, and the statute plainly states that the donees are liable under section 526 in respect

---

[2] SEC. 510. LIEN FOR TAX.

The tax imposed by this title shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift. * * *

[3] SEC. 527. NOTICE OF FIDUCIARY RELATIONSHIP.

(a) FIDUCIARY OF DONOR.—Upon notice to the Commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the donor in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of the donor), until notice is given that the fiduciary capacity has terminated.

(b) FIDUCIARY OF TRANSFEREE.—Upon notice to the Commissioner that any person is acting in a fiduciary capacity for a person subject to the liability specified in section 526, the fiduciary shall assume, on behalf of such person, the powers, rights, duties, and privileges of such person under such section (except that the liability shall be collected from the estate of such person), until notice is given that the fiduciary capacity has terminated.

(c) MANNER OF NOTICE.—Notice under subsection (a) or (b) shall be given in accordance with regulations prescribed by the Commissioner with the approval of the Secretary.

of the gift tax herein, and to interpret the provision regarding notice, as the petitioner seeks to do, would permit a fiduciary to avoid or assume the duties and burdens to the Federal Government under its trusteeship according to its own volition. Furthermore, notice that the petitioner was acting as fiduciary for the donees was in fact given to the Commissioner in the gift tax return filed by the donor and in the information return filed by the petitioner. See and compare *Germantown Trust Co.* v. *Commissioner*, 309 U. S. 204, and *Marie Minor Sanborn*, 39 B. T. A. 721; affd., 101 Fed. (2d) 311. It is to be noted also that the provisions of section 527 amply protect a trustee who faithfully performs the duties assumed by it under its trusteeship from liability beyond the trust estate held, in that it provides that the liability of the transferee for which it acts shall be satisfied from the estate held for such transferee, and further provides that when the fiduciary capacity has terminated it may relieve itself of liability thereunder by giving notice of such termination. The petitioner, as trustee, is by law subject to the liability herein to the extent of the trust estate and the respondent's determination to that effect was not in error.

In his determination of the deficiency herein, the respondent has treated the petitioner, the trustee, as the donee and has allowed an exclusion of $5,000, under section 504 (b) of the Revenue Act of 1932,[4] in determining the net gifts. By amended answer, he now alleges that the beneficiaries of the trust and not the trustees are the donees, and that the interests held by the beneficiaries are future interests, in respect of which no exclusion of $5,000 is permitted. Sec. 504 (b), *supra*. A plea is accordingly made for determination of an increased deficiency.

The petitioner makes no claim that the interests of Alice L. Sawyer and Margaret L. Delaplane are present interests, but does contend that the interest of Robert F. Scott is a present interest and that one exclusion of $5,000 must be allowed. The reasoning whereby the petitioner reaches the conclusion argued for is not clear. As near as we are able to determine, it is based upon the fact that the identity of all the beneficiaries in respect of the one-third share from which Robert F. Scott may eventually receive the income during his lifetime is and was on July 18, 1936, definite and known. As authority for the conclusion sought, the petitioner cites *United States* v. *Pelzer*, *supra*, and *Helvering* v. *Hutchings*, *supra*. We are unable to find any sound basis for allowing the contention made. Except for the

[4] SEC. 504. NET GIFTS.

\* \* \* \* \* \* \*

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

fact that Indiana University, rather than persons indefinite and not known, is to succeed to the share from which Scott may eventually draw the income, we find no difference whatever between the interest of Scott and the interests of Alice L. Sawyer and Margaret L. Delaplane. As to each, his or her interest consists of the right to the income from one-third of the corpus of the trust as it exists at the date of the donor's death, and there is in none of them any prior right in or to the corpus or any of the income therefrom. Such interests are future interests, and in determining net gifts no exclusions in respect of such interests are permitted by the statute. The respondent is accordingly sustained on the issue raised by his amended answer.

The respondent concedes that the insurance premiums paid by the donor on the policies composing the corpus of the trust were paid in 1937 and not in the taxable year, and that in computing the taxable gifts herein the said premiums are to be excluded.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

DISNEY, *J.*, concurs only in the result.
SMITH and MELLOTT, *JJ.*, dissent.