Fidelity Trust Company, a corporation, Trustee v. Commissioner.
Fidelity Trust Co. v. Commissioner
Docket No. 110981.
United States Tax Court
1943 Tax Ct. Memo LEXIS 301; 2 T.C.M. (CCH) 89; T.C.M. (RIA) 43233; May 17, 1943
*301 John E. Laughlin, Jr., Esq., for the petitioner. Paul E. Waring. Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined for assessment against petitioner, as trustee and transferee of property of Ernest T. Weir, a liability for gift tax for the year 1937 in the amount of $1,200. The facts were stipulated substantially as follows: Findings of Fact At all of the times mentioned below the petitioner was and it now is a corporation organized and existing as a trust company under the laws of the Commonwealth of Pennsylvania, with its principal office and place of business at 341 Fourth Avenue, Pittsburgh, Pennsylvania. On or about December 29, 1934, Ernest T. Weir of Pittsburgh, Pennsylvania, (referred to herein as the "settlor"), and the petitioner entered into a certain Insurance Trust Agreement pursuant to which the settlor transferred and assigned to the petitioner, for the uses and purposes set forth in the agreement, eighteen policies of life insurance. During the year 1937 the settlor paid to the companies issuing the insurance policies, as premiums on such policies, the following amounts: Date of
Amount of
Number
Payment
Premium
Name of Insurance Company
of Policy
1/15/37
$1,333.00
Equitable Life Assurance Society
X2,312,089
1/23/37
1,070.50
Equitable Life Assurance Society
1,816,559
1/15/37
154.20
Northwestern MutualLife Insurance Company
731,124
1/15/37
154.20
Northwestern MutualLife Insurance Company
731,128
1/15/37
80.60
Northwestern MutualLife Insurance Company
774,950
2/19/37
524.50
Northwestern MutualLife Insurance Company
1,032,784
1/23/37
2,819.70
Northwestern MutualLife Insurance Company
1,633,875
1/15/37
238.50
Mutual Benefit Life Insurance Co.
789,166
1/15/37
1,108.00
Mutual Benefit Life Insurance Co.
926,792
1937
20.25
Prudential Insurance Company
(Group Insurance)
*302 On March 15, 1938, the settlor (donor) filed with the Collector of Internal Revenue at Pittsburgh, Pennsylvania, a gift tax return, Form 709, for the calendar year 1937, reporting the aforesaid premium payments as gifts in the aggregate amount of $7,503.45. On March 15, 1938, the settlor filed with the Collector of Internal Revenue a "Donee's or Trustee's Information Return of Gifts", Form 710, for the calendar year 1937. In said gift tax return the settlor claimed an exclusion of $5,000 and reported net gifts of $2,503.45 and a gift tax liability of $600.83, which the settlor paid to the Collector of Internal Revenue. In the notice of deficiency dated March 12, 1938 (sic) [the correct date is March 12, 1942], relating to the gift tax liability here involved, the respondent determined that the gifts of premiums paid constituted gifts of future interest against which no $5,000 exclusion was allowable and that similar exclusions claimed of $5,000 in each of the years 1935 and 1936 were likewise erroneous and that these exclusions totaling $15,000, less an error of $5,000 in the settlor's gift tax return for the calendar year 1937, resulted in an increase of $10,000 in the total net *303 gifts and in a deficiency in gift tax of $1,200 for the calendar year 1937. The cash surrender values of the policies of life insurance were as follows at the beginning and end of the year 1937: Cash sur-
Cash sur-
render value
render value
Policy No.
1/1/37
12/31/37
2,312,089
$19,000.00
$20,300.00
1,816,559
21,500.00
22,500.00
731,124
4,646.80
4,836.00
731,128
4,646.80
4,836.00
774,950
2,292.55
2,388.25
1,032,784
10,859.00
11,374.75
1,185,768
4,163.70
4,376.50
1,633,875
29,112.30
31,265.10
2,172,328
11,309.50
12,720.50
551,030
24,880.90
27,986.20
789,166
3,949.80
4,163.70
926,792
14,500.40
15,401.60
133,943
9,250.00
9,800.00
132,273
1,684.38
1,736.51
1,282,153
2,249.80
2,292.20
The trust agreement dated December 29, 1934, inter alia, provides as follows: WHEREAS the Donor is the insured under certain policies of life insurance in the companies and amounts set forth on Schedule "A" attached hereto, aggregating in face value of insurance Five Hundred Eleven Thousand Sixty-one and no/100 Dollars ($511,061.00), and has made said policies of insurance payable to the Fidelity Trust Company as Trustee, for the purpose of establishing *304 a trust of the said policies and the proceeds of the same upon the death of the Donor. NOW THEREFORE, it is agreed as follows: The Trustee shall receive and collect, upon the death of the Donor or as otherwise herein provided, any and all moneys or proceeds due under said policies, including any dividends that may accrue thereon, and after deducting all necessary expenses in making such collection hold the balance in trust for the following uses and purposes: FIRST: To invest and reinvest the funds coming into its possession as principal in such loans, stocks, bonds, securities or real estate as it may deem proper and suitable for the investment of trust funds, without being restricted to a class of investments which the Trustee is or may hereafter be permitted by law to make, it being the request of the Donor that the Trustee utilize such part of said insurance proceeds as shall be required to purchase securities from the estate of the Donor at the fair value thereof, for the purpose of providing said estate with funds for the payment of inheritance, estate or other taxes, without imposing any undue hardship upon said estate. Any such purchase of securities from said estate shall *305 impose no liability upon the Trustee herein for such initial investment. SECOND: Nothing in this Agreement shall impose any obligation upon the Trustee to pay the premiums hereafter falling due on said policies, but the Trustee is authorized, in its discretion, if the Donor shall fail to pay any such premiums, to surrender any of said policies having a cash surrender value, for the purpose of obtaining funds thereby, with which to continue the payment of premiums on the remainder of said policies. * * * * *
FOURTH: After the death of the Donor, the Trustee shall pay the income of this trust estate, at intervals of not less than three months, in equal shares, to Aeola D. Weir, wife of the Donor, in case she survives the Donor, and to each of the three children of the Donor, Henry Kline Weir, Ernest Tener Weir, Jr., and Dorothy Weir Breck for and during their lives and the life of the last survivor of them. FIFTH: If the said Aeola D. Weir, wife of the Donor, shall have died before the death of the Donor or if any of the children of the Donor, beneficiaries hereunder, shall have died before the death of the Donor, without leaving persons entitled to succeed to the shares of such *306 deceased child, under the terms of this trust, the share of the income of such deceased person shall be divided equally among the other beneficiaries or their representatives, as defined in the next succeeding paragraph, per stirpes. SIXTH: If any child of the Donor, beneficiary herein, dies during the term of this trust, leaving to survive him or her any spouse who would be entitled to inherit under the intestate laws of Pennsylvania and/or any child or children surviving him or her, such spouse, if any and surviving children, if any, shall be entitled to receive, in equal shares, the income and the principal of this trust which would have been payable to such deceased child of the Donor. * * * * *
TENTH: After the death of the Donor's wife, Aeola D. Weir, the Trustee shall have the right, if it deems it wise to do so, to terminate this trust as to one half of the share of any of the three children of the Donor who may then be living and shall have reached the age of thirty-five years. Except to the extent so terminated, this trust shall continue until the death of the last survivor of the four beneficiaries named in the Fourth Paragraph hereof, and upon the death of the *307 last survivor of them this trust shall cease and the principal and any accumulated income thereof be distributed to the surviving children of said three children of the Donor, per stirpes, free and discharged from the terms of this trust. ELEVENTH: The Trustee shall receive, as compensation for its services, the usual commission which it charges upon the income of trust funds, but its commission on the principal, when received or distributed under this trust, shall not exceed two per cent thereof. TWELFTH: This trust shall be irrevocable and the Donor hereby waives any right to change the beneficiary under the policies of life insurance listed on Schedule "A" hereof or exercise any rights of surrender, cancellation or borrowing on said policies. In the statement accompanying the notice of proposed liability, appears the following paragraph: Since the right of the beneficiaries to the immediate unrestricted use, possession, or enjoyment of the property is postponed, to take effect after the death of the donor, it is determined that the gifts constitute gifts of future interests against which no exclusions are allowable. Accordingly, the exclusion claimed against the premium *308 payments made during the calendar year 1937 on the life insurance policies transferred in trust under the trust agreement of December 29, 1934, is, therefore, disallowed. Opinion VAN FOSSAN, Judge: This case presents the question whether the petitioner, a trustee under an insurance trust, is liable as a trustee or transferee for a deficiency in gift tax due from the settlor. The questions here raised were all fully considered by this Court in Fletcher Trust Company, Trustee and Transferee, 1 T.C. 798, and ruled adversely to petitioner's contentions. The situation in that case was in all essential respects similar to that presented here. We have carefully considered petitioner's argument that the cited case was erroneously decided but are unimpressed thereby. We affirm respondent's holding. Decision will be entered for the respondent