Eileen K. Vogel v. Commissioner. Charles P. Vogel, as Trustee for Philip F. Vogel under Trust Indenture dated March 15, 1937 v. Commissioner.
Vogel v. Commissioner
Docket Nos. 110750, 110751.
United States Tax Court
1944 Tax Ct. Memo LEXIS 307; 3 T.C.M. (CCH) 306; March 31, 1944
*307 1. Since section 510 of the Revenue Act of 1932 makes a donee personally liable for a gift tax on the gift to the extent of the value of the gift, and there is therefore a liability at law of the donee for the tax, it is immaterial that there is no liability in equity on the part of the donee for the tax. Since under section 526 "transferee" includes "donee" and the period for assessment and collection against the transferee includes one year after the expiration of the period of limitation for assessment against the donor, a notice of deficiency mailed to the donee within that year is timely. Evelyn N. Moore, 1 T.C. 14, followed. 2. In 1937 a donor irrevocably transferred to himself as trustee certain property for the use and benefit of his son. Section 510 of the Revenue Act of 1932 makes a donee personally liable for the gift tax on the gift to the extent of the value of the gift and there is therefore a liability at law of the donee for the gift tax. It is immaterial that there is no liability in equity on the part of the donee for the tax. Since petitioner is the fiduciary of his son, the donee of the gift, he is liable as transferee for an unpaid *308 deficiency in gift tax owed by the donor for the year 1937 under sections 526 and 527 of the Revenue Act of 1932. Since the deficiency notice was mailed to petitioner within one year after the expiration of the period of limitation for assessment against the donor, it was timely. Fletcher Trust Company, Trustee and Transferee, 1 T.C. 798, affirmed, 141 Fed. (2d) 36, followed. John S. Best, Esq., for the petitioners. Charles Munz, Esq., for the respondent. BLACK Memorandum Opinion BLACK, Judge: Docket No. 110750 involves a deficiency of $637.50, plus interest as provided by law, which the Commissioner has determined against Eileen K. Vogel as the transferee of property of Charles P. Vogel for gift tax for the calendar year 1937. Docket No. 110751 involves a deficiency for the same amount as above, plus interest as provided by law, which the Commissioner has determined against Charles P. Vogel as trustee and transferee of property transferred by him to himself as trustee in 1937 for Philip F. Vogel. The proceedings have been consolidated. By amended answers filed in both proceedings the Commissioner alleges that the correct *309 amount of the deficiency in gift tax against the donor, Charles P. Vogel, is $745.88 and he asks for increased deficiencies in each proceeding to correspond with the correct amount of deficiency in gift tax due, $745.88, plus interest as required by law. Both petitioners deny that they are liable as transferees and both allege that the statute of limitations has run and bars any assessment or collection of the tax against either petitioner. Separate stipulations of fact have been filed in each proceeding and are adopted as our findings of fact. We have examined them and they are identical except as to the names of the respective petitioners. For convenience we include herein the stipulation of facts, omitting formal parts, which was filed in Docket No. 110750, Eileen K. Vogel, petitioner. It is as follows: [The Facts] (1) Charles P. Vogel, the donor of the gifts with respect to which the tax in this proceeding is asserted, was on January 1, 1937, and at all times thereafter, solvent and able to pay any and all taxes imposed by law with respect to the gifts made by him in the calendar year 1937. (2) Charles P. Vogel on or before March 15, 1938, filed a donor's gift tax return *310 reporting therein the following donative transfers: To Eileen K. Vogel shares of stock of the value of $10,000 To Charles P. Vogel, trustee for Eileen K. Vogel, shares of stock having a value of $850.00 (while this transfer was reported in the return, the value of $850 was not included in the transfer subject to tax) To Charles P. Vogel, trustee for Philip F. Vogel, shares of stock and other property to the value of $47,883.25 In said gift tax return exclusions totaling $10,000.00 were claimed with respect to the gifts made during said year. The said gift tax return disclosed a liability for gift taxes upon net gifts made in said year in the sum of $4,734.40 which was duly paid by Charles P. Vogel on the 15th day of March, 1938. (3) Thereafter to-wit on October 9, 1939, and prior to March 15, 1941, the respondent mailed to Charles P. Vogel a 30-day letter notifying him that the value of the shares of stock so given to Eileen K. Vogel in 1937 was $13,500.00 instead of $10,000.00 as reported in said gift tax return, and Charles P. Vogel, donor, duly paid the increase in 1937 gift tax liability resulting from the increase in value as aforesaid and from adjustments made by the respondent *311 to the net gifts made by Charles P. Vogel prior to 1937. (4) In the 30-day letter mailed to Charles P. Vogel on October 9, 1939 the respondent made no adjustment in respect of the exclusions claimed in the 1937 gift tax return of Charles P. Vogel. The respondent did not notify either Charles P. Vogel or any of the donees of the 1937 gifts made by Charles P. Vogel, of the disallowance of any exclusions at any time prior to January 26, 1942. (5) Under date of January 26, 1943, [sic] the respondent issued two notices of deficiencies in gift tax with respect to the 1937 gifts made by Charles P. Vogel. One of said notices was addressed as follows: Mr. Charles P. Vogel Trustee and Transferee 1531 North Water Street Milwaukee, Wisconsin
and was accompanied by a statement captioned as follows: STATEMENT Charles P. Vogel, Donor 1531 North Water Street Milwaukee, Wisconsin
Charles P. Vogel, Trustee and Transferee 1531 North Water Street Milwaukee, Wisconsin
The other of said notices was addressed as follows: Mrs. Eileen K. Vogel Donee and Transferee 1531 North Water Street Milwaukee, Wisconsin
and was accompanied by a statement captioned as follows: STATEMENT Charles P. Vogel, Donor *312 1531 North Water Street Milwaukee, Wisconsin
Eileen K. Vogel, Donee and Transferee 1531 North Water Street Milwaukee, Wisconsin
(6) The deficiencies asserted in said notices dated January 26, 1942, were entirely attributable to the disallowance of an exclusion of $5,000.00 claimed in the 1937 gift tax return of Charles P. Vogel. The respondent did not prior to March 15, 1941, and has not subsequent to that date, sent to Charles P. Vogel, as donor, either by registered mail or otherwise, a notice of a deficiency in gift taxes for the year 1937 resulting from the disallowance of any exclusion claimed in the 1937 gift tax return filed by said Charles P. Vogel. (7) (a) During the year 1937 Eileen K. Vogel as donee received from Charles P. Vogel, donor, shares of stock of a value of not less than $13,500.00; (b) during the year 1937 Charles P. Vogel as trustee for Eileen K. Vogel received from himself as donor shares of stock of a value of not less than $850.00, and (c) during the year 1937 Charles P. Vogel as trustee for Philip F. Vogel received from himself as donor shares of stock and other property of a value not less than $47,883.25. (8) The respondent has recomputed the proposed *313 deficiency herein and now makes claim to a deficiency in the amount of $745.88. No part of the amount of $745.88 has been paid. For the purposes of this proceeding, the petitioner does not dispute the correctness of such computation or the correctness of the figures and values used therein. In Docket No. 110750, Eileen K. Vogel, petitioner, the applicable statutes are printed in the margin. [1]
*314 The petitioner, Eileen K. Vogel, denies in the first place that she is a transferee as defined in section 526 of the statute printed in the margin or that she is personally liable for the tax under section 510, also printed in the margin. She also alleges that even if she be held to be liable as a transferee, that assessment and collection of such liability are barred by section 517 of the gift tax statute which provides that the taxes shall be assessed within three years after the return was filed and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of three years after the return was filed. Petitioner stresses the fact that no assessment of the deficiency in gift taxes has ever been made against Charles P. Vogel, the donor, that any assessment against him is now barred by the statute of limitations under section 517 and that the same three-year statute of limitations which bars assessment against the donor also bars assessment against her, the donee. Petitioner concedes that this court has already decided the issues which she raises in her petition against her in the case of Evelyn N. Moore, 1 T.C. 14, *315 now on review by the Second Circuit. Petitioner argues, however, that our decision in the Evelyn N. Moore case was wrong and should no longer be followed. We have carefully read and considered the arguments made by petitioner in her brief and we are not convinced by them that our decision in the Moore case was wrong. So far as we can see, all the arguments made by petitioner in her brief were considered by us in the Moore case and we reached a decision adverse to the contentions made by petitioner. We have followed our decision in the Evelyn N. Moore case in several subsequent decisions. The most recent of these decisions was Margaret A. C. Riter, Donee and Transferee, 3 T.C. 301. In that case, in the last paragraph of the opinion we said: The question of the bar of the statute of limitations is also raised by the petitioner. The argument is made that, since the deficiency was never asserted against the solvent donor and the period of limitation against the donor had expired, no liability at law or in equity can be enforced against this petitioner. The petitioner is concluded on this issue by Evelyn N. Moore, * * *. On the *316 authority of Evelyn N. Moore, supra, we decide Docket No. 110750 against petitioner. In docket No. 110751, Charles P. Vogel as Trustee and Transferee, the applicable sections of the statute are those already printed in the margin plus section 527 which is printed in the margin below. [2]
*317 In this Docket number petitioner concedes that the contentions which he makes were decided against him in Fletcher Trust Company, Trustee, 1 T.C. 798. Petitioner, however, argues that that case was wrongly decided. Petitioner's brief was filed before the Seventh Circuit affirmed our decision. On February 17, 1944, our decision in the Fletcher Trust Company case was in all respects affirmed by the Seventh Circuit. See Fletcher Trust Company, Trustee and Transferee v. Commissioner, 141 Fed. (2d) 36. The contentions which petitioner makes in his brief in the instant case were fully discussed by the court in Fletcher Trust Company v. Commissioner and were decided adversely to petitioner's contentions. Therefore on the authority of that case the Commissioner's determination in Docket No. 110751, Charles P. Vogel as trustee and transferee is sustained. Decisions will be entered for the respondent. Footnotes
1. REVENUE ACT OF 1932. SEC. 510. LIEN FOR TAX. The tax imposed by this title shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift. Any part of the property comprised in the gift sold by the donee to a bona fide purchaser for an adequate and full consideration in money or money's worth shall be divested of the lien herein imposed and the lien, to the extent of the value of such gift, shall attach to all the property of the donee (including after-acquired property) except any part sold to a bona fide purchaser for an adequate and full consideration in money or money's worth. If the Commissioner is satisfied that the tax liability has been fully discharged or provided for, he may, under regulations prescribed by him with the approval of the Secretary, issue his certificate, releasing any or all of the property from the lien herein imposed. Sec. 517. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION. (a) General Rule. - Except as provided in subsection (b), the amount of taxes imposed by this title shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of three years after the return was filed. SEC. 526. TRANSFERRED ASSETS. (a) Method of Collection. - The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in the tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds): (1) Transferees. - The liability, at law or in equity, of a transferee of property of a donor, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed by this title. (2) Fiduciaries. - The liability of a flduclary under section 3467 of the Revised Statutes [U.S.C., title 31, sec. 192] in respect of the payment of any such tax from the estate of the donor. Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax. (b) Period of Limitation. - The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows: (1) Within one year after the expiration of the period of limitation for assessment against the donor. * * * * *
(f) Definition of "Transferee". - As used in this section, the term "transferee" includes donee, heir, legatee, devisee, and distributee.↩
2. SEC. 527. NOTICE OF FIDUCIARY RELATIONSHIP. (a) Fiduciary of Donor. - Upon notice to the Commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the donor in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of the donor), until notice is given that the fiduciary capacity has terminated. (b) Fiduciary of Transferee. - Upon notice to the Commissioner that any person is acting in a fiduciary capacity for a person subject to the liability specified in section 526, the fiduciary shall assume, on behalf of such person, the powers, rights, duties, and privileges of such person under such section (except that the liability shall be collected from the estate of such person), until notice is given that the fiduciary capacity has terminated.↩