FIDELITY-PHILADELPHIA TRUST COMPANY, ALLEGED TRUSTEE AND TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SAMUEL T. BODINE, ALLEGED TRANSFEREE AND DONEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 112781, 112782. Promulgated April 26, 1944.

*H. Ober Hess, Esq.,* and *William R. Spofford, Esq.,* for the petitioners.

*Myron S. Winer, Esq.,* for the respondent.

OPINION

TURNER, *Judge*: It is at once apparent that the case of petitioner Fidelity-Philadelphia Trust Co. is controlled by the same law as were *Fletcher Trust Co., Trustee and Transferee*, 1 T. C. 798; affd., 141 Fed. (2d) 36; and *Fidelity Trust Co. v. Commissioner*, 141 Fed. (2d) 54. In *Fletcher Trust Co.* we held that since a donee, by section 510 of the Revenue Act of 1932, was made personally liable to the extent of the gift received for the tax thereon and his liability so imposed was enforceable under section 526 (a) (1) of the act, *Evelyn N. Moore*, 1 T. C. 14, a trustee for a donee was through section 527 (b) of the statute also liable as transferee for the unpaid gift tax. In *Fidelity Trust Co. v. Commissioner*, the court was of the opinion that, inasmuch as Congress, by specific statutory provision, had made the gift tax of the donor a lien for a period of ten years on the estate given in trust and held by the trustee, Congress had likewise imposed a liability at law on the trustee for the unpaid gift tax and the trustee was therefore liable as transferee under section 526 (a) (1), without resort to the more indirect reasoning of *Fletcher Trust Co.* Under either or both theories of the statute, the claim of the petitioner falls, and, on authority of the cases cited, the respondent's claim of liability against Fidelity-Philadelphia Trust Co., trustee, is sustained.

It is the contention of petitioner Samuel T. Bodine that he was not the recipient of a gift in respect of which he has a liability at law, under section 510 of the Revenue Act of 1932, for the gift tax thereon and that there is therefore no liability for gift tax enforceable against him under section 526 of the act. The argument, in substance, is that, the gift being that of a future interest, he did not at the time of the gift actually receive any payments or property, nor had he at the time of the hearing received any payments or property, and, since the actual receipt of money or property may still be defeated by his death before he reaches the age of 30, he has received no gift

of value which would give rise to a liability at law under section 510, which liability at law is enforceable under section 526. That the problem presented is difficult of solution is obvious, but it is factual, not legal, in character. See the discussion in *Fidelity Trust Co.* v. *Commissioner*, *supra*. That the petitioner was the recipient of a gift of a future interest is not open to question. Furthermore, there is no question that a tax is imposed on gifts of future interests to the extent of the value thereof as well as on gifts of present interests, and under section 510 the liability of the petitioner for that tax is fixed and measured by the value of the gift. Value is a question of fact. The gift made by William W. Bodine, donor herein, in respect of which petitioner Samuel T. Bodine received a future interest was a gift of cash and securities having a value of $5,733.01 as of the date of gift. It is apparent therefore that under section 510 Samuel T. Bodine is liable to the extent of the value of the future interest received by him. The fact that he received only a future interest in the cash and securities transferred in trust and that certain contingencies might defeat the ripening of the future interest into a presently enjoyable interest are factors which are to be taken into account in determining the value of the gift received by him and for the purpose of determining his liability at law under section 510. If there is no value, there is no liability; but to the extent that there is value, there is, according to the statute, a liability.

In respect of the value of the gift to petitioner Samuel T. Bodine, the parties have stipulated as follows:

The interest of Petitioner, Samuel T. Bodine  *  *  *  in the property transferred by the said William W. Bodine on September 9, 1938, in trust for the benefit of the said Petitioner had an actuarially computed value of $2,993.87 as of that date. Said Petitioner does not concede that this represents the fair market value of said interest on that date or that said interest had a fair market value. Respondent does not concede that the value of the interest of said Petitioner in said gift is limited to said actuarially computed value.

It is the contention of the petitioner that a showing of an actuarially computed value of the future interest received by him is not proof of value, and the proceeding here being a proceeding for the determination of transferee liability, and the respondent having the burden of proof therein, the decision must be for the petitioner because of failure of proof. Other than the facts stipulated, as set forth above, there is no evidence in the record from which the value of the gift may be determined. Such actuarially computed value is, we think, evidence of value of the said interest, and the petitioner makes no claim that there is any other or better evidence of the value of the future interest received. On the record made in this case, we conclude and have found

as a fact that the value of the future interest received by the petitioner was, as of the date of the gift, $2,993.87.

Both petitioners allege that, the three-year period of limitation for assessment of gift tax liability against William W. Bodine for the year 1938 having expired, the respondent erred in determining that they are under any liability, as transferees or otherwise, for any deficiency in gift tax of William W. Bodine for that year. Under authority of the cases previously cited herein, the issue stated is resolved against the petitioners.

Each of the petitioners has alleged that the respondent made certain errors in his determination of the deficiency against the donor, William W. Bodine. These assignments of error were not included, however, by petitioners' counsel in his statement of the issues either at the hearing or on brief, and are accordingly regarded as having been abandoned.

Reviewed by the Court.

*Decision will be entered in Docket No. 112781 that there is an unpaid liability as transferee for gift tax for 1938 of $3,000, with interest as provided by law. Decision will be entered in Docket No. 112782 that there is an unpaid liability as transferee for gift tax for 1938 of $2,993.87, with interest as provided by law.*

---

ARUNDELL, *J.*, dissenting: I disagree with so much of the opinion as holds Samuel T. Bodine liable as a transferee. He has not presently received by way of gift or otherwise any part of the property the gift of which by William W. Bodine is the subject of the tax. Samuel's right to receive the property is purely contingent; he has no present control over the property and has received nothing out of which the tax may be paid. The fact that the value of a contingent interest may be computed actuarially is of no importance and the figures so arrived at do not establish the fair market value of the gift. The burden is on the respondent and he has failed in his proof.

---

MELLOTT, *J.*, dissenting: I agree with the views expressed in the dissenting opinion of Judge Arundell. I also adhere to those expressed in my dissents in *Evelyn N. Moore*, 1 T. C. 14 (on appeal, C. C. A., 2d Cir.), and *Fletcher Trust ʼo., Trustee*, 1 T. C. 798; affd., 141 Fed. (2d) 36.