HARNISKA et al. v. DOLPH et al.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1904.)

No. 1,041.

1. JUDGMENT BY CONSENT—AUTHORITY OF ATTORNEY—PRESUMPTION.
    Where the attorney for defendants when the cause came on for trial admitted in open court that defendants could not sustain the defense pleaded, and that plaintiffs were entitled to the relief prayed for, and consented that judgment be entered in their favor, his authority from his clients to make such admission and to give such consent will be assumed, in the absence of any evidence to the contrary.

2. SAME—VALIDITY.

> The validity of a judgment for plaintiffs in an action at law, entered by consent of defendants' attorney given in open court, and on admissions of fact made by him, is not affected by the fact that a jury trial was not formally waived, nor because no findings were made by the court; the consent to the judgment having rendered them unnecessary.

In Error to the District Court of the United States for the First Division of the District of Alaska.

Z. R. Cheney and Lorenzo S. B. Sawyer, for plaintiffs in error.

T. R. Lyons, E. S. Pillsbury, Madison & Sutro, and Alfred Sutro, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The defendants in error brought an action of ejectment to recover the possession of certain premises situate on Douglas Island, in the district of Alaska, and in their complaint claimed title through a patent issued by the United States to the Alaska Gold Company on October 1, 1892, and alleged ouster by the plaintiffs in error on January 1, 1899. The plaintiffs in error answered, denying on information and belief the averments of the complaint, and setting up, as an affirmative defense, adverse possession, and alleging that the patent so referred to "was obtained through fraud and misrepresentations." The record contains the following judgment entry:

> "Now, on this day this cause coming on to be heard upon the complaint, answer, and reply filed herein, the plaintiffs appearing by Thomas R. Lyons, their attorney, and the defendants, and each of them, appearing by W. E. Crews, their attorney, and the defendants, by their said attorney, having admitted in open court that they were unable to sustain the allegations of their answer, and they, and each of them, being willing that judgment in favor of the plaintiffs, and each of them, be duly entered at this time for the possession and restitution of the premises described in plaintiffs' complaint herein, and said defendants, and each of them, by their said attorney, having acknowledged in open court that plaintiffs are the owners of, and entitled to the possession, of said premises described in plaintiffs' complaint * * *."

It is assigned as error that the court rendered judgment upon the consent of the counsel for the plaintiffs in error, and without the introduction of testimony, and that neither findings of facts nor conclusions of law were made or filed separately.

The plaintiffs in error cite cases to sustain the doctrine that an attorney cannot, by virtue of his implied authority, and without the express consent of his client, compromise his client's case or surrender any of his substantial rights, such as the right of appeal, or make a confession of judgment. None of these decisions meets the question which is presented in the case at bar. A broad distinction is made by the authorities between the power of an attorney to confess judgment in vacation, and his power, on the trial of a cause in open court, to make admissions of fact and consent to a judgment. Said Cooley, J., in Arnold v. Nye, 23 Mich. 286–292:

> "An attorney of the court assumed to answer for the defendant, and consented, in writing, that judgment might be entered against him. We must assume, in the absence of any evidence to the contrary, that he was duly

authorized, and it is not necessary for us to say in this case how the judgment would be affected by evidence that in fact the attorney had appeared in the case without authority."

This doctrine is well sustained by the weight of authority. Wilson et ux. v. Spring, 64 Ill. 14; Webster v. Dundee Mortgage & Trust Company, 93 Ga. 278, 20 S. E. 310; Taylor v. American Freehold Land Mortgage Company, 106 Ga. 238, 32 S. E. 153; Pacific Railroad v. Ketchum, 101 U. S. 289–296, 25 L. Ed. 932. The whole merit of the present writ of error is disposed of by the language of the court in the case last cited, where it was said:

"A solicitor may certainly consent to whatever his client authorizes, and in this case it distinctly appears of record that the company assented through its solicitor. This is equivalent to a direct finding by the court, as a fact, that the solicitor had authority to do what he did, and binds us on an appeal so far as the question is one of fact only."

So in the present case the judgment entry recites that the plaintiffs in error, by their attorney, admitted in open court that they were unable to sustain the allegations of their answer, and that they were willing that judgment in favor of the defendants in error be duly entered.

The consent of the plaintiffs on the trial of the cause in open court to the judgment so entered against them dispensed with the necessity of filing separate findings of fact or conclusions of law. The consent of the parties relieved the court of the necessity of finding the facts. Saltonstall v. Russell, 152 U. S. 628, 14 Sup. Ct. 733, 38 L. Ed. 576; Gregory v. Gregory, 102 Cal. 50, 36 Pac. 364. The point is made on the argument that there was no waiver of a jury trial in the method provided by statute. This alleged error, even if it had been properly assigned, would be no ground of reversal. There was nothing in the case for a jury to pass upon. The admissions of the plaintiffs in error took the place of a verdict of a jury, and left the case wholly to the court to enter judgment accordingly.

The judgment will be affirmed.