1016

MARGUERITE E. BAUR, ALLEGED DONEE AND TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARIE B. CROUSE, ALLEGED DONEE AND TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 111368, 111369, 111370, 111371. Promulgated Nov. 24, 1943.

*Thorpe Nesbit, Esq.*, for the petitioners.
*Harry L. Brown, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The precise question before us is whether or not a donee whose gift is subject to the $5,000 exclusion provided by statute[1] can be held liable as a donee-transferee for a collateral taxable gift by the same donor to another donee.

Section 526 of the Revenue Act of 1932 provides that "the liability, at law or in equity of a transferee of property of a donor, in respect of the tax * * * imposed by this title" shall, subject to limitations therein prescribed, "be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in the tax imposed by this title * * *" The word "transferee" is defined to include a "donee, heir, legatee, devisee, and distributee."

Section 510 of the same act, on which respondent chiefly relies, reads in part as follows:

The tax imposed by this title shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift. * * *

He argues that "the tax imposed by this title" which is the basis of the lien includes all taxes imposed on the donor during the calendar year by virtue of the gift tax statute and that if those taxes are not paid when due the liability for their payment immediately passes to the donee of any gift. whether subject to the tax or not.

The petitioners contend that "the tax" mentioned in the second sentence of section 510 is limited to the tax on the gift to the transferee-donee and does not include the tax on collateral gifts to others. They also argue in substance that by reason of the exclusion provision their gifts were subject to no gift tax whatever and that, therefore, there was no "tax imposed by this title" as it related to them.

The language of section 510 appears to us clear and unambiguous. The "tax imposed by this title" means whatever tax the donor is required to pay under the statute. That tax constituted "a lien upon all gifts made" (by him) during the calendar year for a period of ten years from the date of the gift. The petitioners' gifts were a part of "all" of the donors' gifts made during 1937. No distinction is here made between taxable and nontaxable gifts—they are all subject to the burden of the lien. The Commissioner may proceed against the gifts themselves in order to secure the tax due from the donor.

[1] Sec. 504 (b), Revenue Act of 1932.

The second sentence gives the Commissioner an additional right in case the tax is not paid when due. When section 510 is read in conjunction with section 526, we find that he may pursue the donee "of any gift" and collect on the basis of his personal liability to the extent of the value of his gift. Here also there is no distinction made between taxable and nontaxable gifts. If Congress had intended the section to apply only to taxable gifts and to the donee of a taxable gift, it had but to insert the word "taxable" before the words "gifts" and "gift." Had this direct and simple method been employed, the petitioners' position would have had complete and conclusive support. But such is not the language of the act.

The petitioners present no persuasive arguments to overcome the unmistakable meaning of the statutory language. They assert that the interpretation asked by the respondent would be "a manifest absurdity" and unconstitutional. But they content themselves with such general declaratory statements and advance no supporting authority. We are of the opinion that the respondent's position must be sustained.

We are not unmindful of the possible significance of this decision. It may work hardship in some cases. However, we must take the statute as we find it.

We hold that the petitioners are individually liable as transferee-donees to the extent of their personal gifts for the tax due on the gifts to the trustee for Louise P. Baur.

Reviewed by the Court.

*Decisions will be entered for the respondent.*

OPPER, *J.*, concurs in the result.

———

MELLOTT, *J.*, dissenting: My oft-expressed view is that the Commissioner may not wait until the statute of limitations prevents him from proceeding against a solvent donor—one who remains wholly solvent and able to pay his gift tax liability during the full period—and then enforce collection of the tax from a donee under the transferee provisions. (See dissent in *Evelyn N. Moore,* 1 T. C. 14, 17, on appeal C. C. A. 2d Cir.) The liability of a transferee is secondary; and, while it may be enforced within one year after the expiration of the period of limitation for assessment against the donor, it is nevertheless incumbent upon the Commissioner to show that there is "a liability, at law or in equity, of a transferee." Since there is no liability of the donee in equity unless the transfer has rendered the donor insolvent, the Commissioner has heretofore urged and this tribunal has held that the lien statute (sec. 510, Revenue Act of 1932) has made the donee liable at law. This primary liability of the donee has been warped

into and enforced, not as a primary liability under the lien statute by a suit in the United States District Court as contemplated by the statute, but as a secondary liability under the transferee provisions. In my judgment this is erroneous.

Whether the tax of the donor, which may be collected under the transferee provisions, includes the tax on gifts to others than the one against whom the liability is asserted does not seem to be troublesome. The statute is plain: If the transfers have made the donor insolvent all recipients—transferees—are liable in equity. If any one (or more) of the transferees has assumed and agreed to pay the tax on the transfers he is liable in law. In either case the tax may be collected under section 526 of the Revenue Act of 1932. If, however, the transfers did not make the donor insolvent and none of the transferees has made himself liable at law, then the Commissioner's sole remedy—which incidentally is efficacious—is to enforce the lien statute.