Clara Ream, Capitola A. Perry v. Commissioner.
Ream v. Commissioner
Docket Nos. 110187, 110188.
United States Tax Court
1943 Tax Ct. Memo LEXIS 38; 2 T.C.M. (CCH) 1067; T.C.M. (RIA) 43501; December 8, 1943
*38 Charles M. Wells, Esq., for the petitioners. S. U. Hiken, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in gift taxes for the taxable years 1937, 1938, 1939 and 1940, resulting from his determination that certain gifts of interests in annuity contracts made during those years by Capitola A. Perry were gifts of future interests against which no exclusions were allowable. The deficiency for the year 1937 in the amount of $934.29 is determined as against Clara Ream, a donee; and the deficiencies for the years 1938, 1939, and 1940 in the respective amounts of $167.40, $1,104.82, and $1,456.15 are determined as against the donor, Capitola A. Perry. Findings of Fact The facts were all stipulated, and we find them to be as stipulated. In abbreviated substance, they are as follows: Capitola Perry, petitioner in Docket No. 110188, is a resident of Indianapolis, Indiana, and filed gift tax returns for each of the years involved with the collector of internal revenue for the district of Indiana. Clara Ream, the petitioner in Docket No. 110187, is a resident of Denver, Colorado, and is a daughter of the petitioner in Docket *39 No. 110188. During 1937, Mrs. Perry purchased two single premium annuity contracts from the Penn Mutual Life Insurance Co., in each of which a grandson was named as the annuitant, and each of which provided that, in consideration of the payment in advance of the premium of $25,000, the company would pay a certain sum each month during the life of the annuitant, and until the amount of the consideration had been repaid. The payments under the annuity contracts were to be made to the donor herself during her lifetime, and thereafter to the annuitant, with provision for the further disposition of the payments if the death of Mrs. Perry and the annuitant should occur before the full consideration had been repaid. The gifts from Mrs. Perry to her grandsons arising out of the purchase of these contracts were duly reported in her gift tax returns, and were valued at $14,114.56 and $14,039.49, which values are not in dispute. Mrs. Perry also made in 1937, and reported, cash gifts to her daughter, Clara Ream, totalling $5,100. Three exclusions of $5,000 each, were claimed by Mrs. Perry in her return for 1937. In 1938, Mrs. Perry purchased four single-premium annuity contracts from Penn *40 Mutual Life Insurance Co., in two of which her grandson, Charles Perry Griffith, was named as annuitant, and in the other two, her grandson, Walter Stuhr Griffith, was the annuitant. In two of these contracts, one for each child, it was provided that the payments becoming due prior to June 1, 1969, should be paid to the donor herself, if living, otherwise to a brother of the annuitant; and the payments becoming due after June 1, 1969, were to be paid to the donor, if living as each payment became due, otherwise to the annuitant. The remaining two contracts purchased in 1938 provided for payments to the donor during her life, and thereafter to the annuitant. The premiums paid for these four contracts were $9,234.00, $9,481.89, $17,217.30 and $17,100.00, respectively, and the gifts effected thereby were valued for taxation at $5,210.73, $5,384.11, $9,766.80 and $9,649.50. These values are not contested. Two exclusions of $5,000 each were claimed by Mrs. Perry with regard to the four annuity policies purchased by her in 1939 by reason of the two annuitant donees named therein. In 1939, Mrs. Perry purchased two single premium contracts from Equitable Life Insurance Co. of Iowa, each *41 of which provided for a monthly payment to a named grandson at the age of forty years and continuing through his life. The grandsons in question were 10 and 12 years of age, respectively, in that year. These gifts were valued in Mrs. Perry's gift tax returns for 1939 at $6,059.07 and $5,710.91, respectively, and two exclusions of $4,000 each were claimed. The values assigned to the gifts are not contested. In 1940 Mrs. Perry purchased from the John Hancock Mutual Life Insurance Co. two single premium annuity contracts which were issued to a son and a daughter of the donor, respectively, providing for monthly payments of $150.00 during the lifetime of the annuitant, payable to the donor during her life and thereafter to the annuitant. The premiums paid therefor were $36,292.40 and $41,768.40, respectively, and the gifts were valued at $13,333.20 and $18,809.40, for gift tax purposes. These values are not in dispute. In addition, Mrs. Perry made a cash contribution in 1940 to a trust for the benefit of her grandson, Walter Stuhr Griffith, in the amount of $4,500, as reported in her original return for 1940. An amended return was filed later showing additional cash gifts of $2,000, *42 $2,000, and $4,000, respectively, to three trusts for the benefit of three other grandsons. In her original return for 1940, Mrs. Perry claimed three $4,000 exclusions, but in her amended return, only two are claimed, on account of the two donees of the annuity contracts, and none is claimed for any trust gift. None of the annuitants in any of the contracts described above was given any right to borrow money upon the security of the contracts, or to obtain their commuted value at any time. No right is reserved to anyone to change the beneficiaries, except that in each of the two contracts purchased in 1939, the annuitant is given the right to interpose as primary beneficiaries a wife or child whose rights would then be superior to those of the persons named in the contract as primary beneficiaries, who would thereupon become contingent beneficiaries. Opinion KERN, Judge: The denial by the respondent of the exclusions claimed in petitioner Perry's gift tax returns for 1937 to 1940, inclusive, presents the only issue with respect to Docket No. 110188. If we hold the exclusions to have been properly disallowed, then, in connection with Docket No. 110187, we must determine whether *43 and to what extent the petitioner there, Mrs. Ream, is liable as donee for the gift tax of Mrs. Perry for the year 1937. The exclusions were denied on the ground that the gifts, arising out of the purchase of certain annuities by Mrs. Perry, were gifts of future interests in property, as to which the statute denies the exclusions allowed with respect to other gifts. The annuity contracts under consideration fall, generally, into three classes: first, those in which the payments were to be paid to the donor herself during her lifetime, and thereafter to the donee; second, those in which the payments becoming due prior to June 1, 1969, were to be made to the donor, if living; otherwise to a brother of the donee; and all payments becoming due after June 1, 1969, were to be made to the donor, if living; otherwise to the donee; and third, those in which the first payments to be made were to be paid to the donee, but were not to begin until his fortieth birthday. Provision is made in each contract for the payment of any sum which might become due to a beneficiary during his minority to a parent or guardian in trust during his minority. Provision is made, also, for the disposition of the *44 remainder interests, if any, upon the death of the annuitants in each case. No right is reserved to anyone to change the beneficiary in any of the contracts, except that by the terms of the two 1939 contracts, the annuitant is given the right to interpose as primary beneficiaries a wife or child whose rights should then be superio to the other such beneficiaries named in the contract, to receive the net proceeds thereof upon the annuitant's death. In none of the contracts does the annuitant have any right to borrow money upon the security of the contracts or obtain the commuted value thereof. Petitioners rest their argument on this point upon the provisions of article 11, Regulations 79, which reads as follows: ART. 11. Future interests in property. - No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar years. "Future interests" is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. The *45 term has no reference to such contractual rights as exist in a bond, note (though bearing no interest until maturity), or in a policy of life insurance, the obligations of which are to be discharged by payment in the future. But a future interest or interests in such contractual obligations may be created by the limitations contained in a trust or other instrument of transfer employed in effecting a gift. Petitioners admit that the benefits which Mrs. Perry's donees are to receive are all postponed until some future date. Their argument is that such contractual rights as are mentioned in the regulation as quoted were created here, and that, therefore, they are not within the meaning of the term "future interests in property" as used by the statute. It seems to us that petitioners have misconstrued the meaning of the regulation upon which they rely. We believe that regulation refers to outright, unconditional gifts of insurance policies, bonds, notes, etc., complete with all the incidents of ownership, which, though they are to be finally discharged by payment in the future, may nevertheless be the subject of a presently effective gift. If Mrs. Perry had purchased these annuities *46 and presented them to her donees without retaining any intervening interests in or right to the proceeds, and without restricting the present exercise and enjoyment of all the incidents of ownership by the annuitants the situation would then more nearly approximate that intended to be covered by the regulation. The regulation recognizes that future interests in the contracts described can be treated by reason of restrictions placed by means of a trust instrument upon their use and enjoyment by the donee. We think such future interests can be quite as effectually created by restrictive provision contained in the contracts themselves. By inserting such restrictions in these annuity contracts, Mrs. Perry has as surely limited the present use, possession and enjoyment of her gifts by her donees as if she had created trusts for other separate agencies designed for that purpose. She conferred upon them none of the usual present benefits of ownership applicable to insurance or annuity contracts. They could not surrender the contracts for their cash value or borrow against them, and they could not, except for the instance referred to before, change the beneficiaries or appoint a successor *47 of their own choice to the remainder interests. We do not feel that this situation falls within the comprehension of the sentence of the regulation relied on by petitioners. A similar situation was considered by us in the case of Dora Roberts, 2 T.C. 679 where we held that, because of certain restrictive provisions in the annuity contracts involved there, the gifts of the contracts were gifts of future interests. The annuities provided for monthly payments for life to the annuitant beginning, at his election, between his fiftieth and sixtieth birthdays. The contracts considered there designated the mother of the annuitant (daughter of the donor) as the "life owner" of the contracts, and gave to her during her lifetime the right to receive all cash values, dividends and other benefits and to exercise all options and privileges described therein, (but not a right to receive any of the monthly payments provided for). Upon her death, the annuitant became the "life owner", and succeeded to all such rights and privileges. The instant case involves even greater restrictions than existed in the Roberts case, and we therefore hold the gifts with which *48 we are here concerned to have been gifts of future interests, within the meaning of the statute. Our holding on that issue makes it necessary for us to decide whether Mrs. Ream, petitioner in Docket No. 110187, is liable as donee for Mrs. Perry's gift tax for 1937, and, if so, to what extent. It was stipulated that Mrs. Perry is and was at all times material to this proceeding, solvent and able to pay the tax. It is also conceded that the respondent is proceeding against Mrs. Ream, without having made any effort to collect the tax from Mrs. Perry, because the statutory period of limitation had expired as to Mrs. Perry at the time of the determination of transferee liability as against Mrs. Ream. Petitioners feel that the fact that Mrs. Perry was and is solvent, and that no effort was ever made to collect the deficiency from her, should preclude a recovery against Mrs. Ream. We have, however, held otherwise in some recent cases in which this question has arisen. See Evelyn N. Moore, 1 T.C. 14; Fletcher Trust Co., 1 T.C. 798. On the authority of those cases, we must decide against petitioners on this point. Petitioners *49 advance the further argument that since the gifts to petitioner Ream totalled only $5,100, of which $5,000 was excluded from taxation, she can in no event be held liable to an extent greater than $100, since, even if liable as donee, her liability is only to the extent of the value of her gift, within the meaning of section 1009, Internal Revenue Code, and the value of her gift must be construed to mean the value of her taxable gift or net gift, which under the provisions of section 1003 (a), means the amount of the gift less the deductions granted by section 1004. Here, again, we have recently held otherwise, in the case of Marguerite E. Baur, 2 T.C. 1016. Following that decision we must therefore hold that petitioner Ream's liability is not limited to $100 but, since her gift was in an amount exceeding the deficiency asserted against Mrs. Perry for 1937, she must be held liable for the full amount of the deficiency. Decision will be entered for respondent.