MARGARET A. C. RITER, DONEE AND TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110565.   Promulgated February 18, 1944.

*Joyce Stanley, Esq.*, for the petitioner.
*F. S. Gettle, Esq.*, for the respondent.

302

MURDOCK, *Judge*: The respondent by notice of January 19, 1942, asserts a transferee liability against the petitioner for a deficiency in gift taxes for the calendar year 1937 in the sum of $1,117.75 with respect to gifts made by Henry G. Riter, III.

The issues are (1) whether gifts made by Riter in 1937 were, in part, gifts of present interests; (2) whether the respondent failed to give proper effect to the decision of the Board of Tax Appeals determining an overpayment in gift tax of Henry G. Riter, III, for 1936; and (3) whether collection from this petitioner is barred by the statute of limitations.

The case was submitted on stipulated facts and exhibits which are adopted as our findings of fact.

The petitioner at all times material hereto was the wife of Henry G. Riter, III, a resident of Montclair, New Jersey. Henry filed gift tax returns for the years 1936 and 1937 with the collector of internal revenue for the second district of New York. The deficiency of $1,-117.75 has not been determined against or paid by Henry G. Riter, III, as donor.

Henry made certain gifts on or about March 6, 1937, by way of additions to three trusts which he had created in December 1936. The value of the property added to each of these trusts in March 1937 was $4,056.95. The Commissioner determined that there was a gift of a present interest resulting from the transfer of the property to the trust for the benefit of the adult daughter. The petitioner concedes that the value of that present interest was correctly determined. The first issue relates only to the other two trusts.

The provisions of those two trusts are similar. The trust instrument in which the son is named states that in consideration of love and affection for his wife and son, the grantor has set apart "for the benefit of my said wife and my said son" certain property "in trust for the following uses and purposes and subject to the terms, conditions and powers hereinafter set forth." The following quotations are from that trust:

FIRST: I, as Trustee of the trust hereby created, or my successors if I should cease to be Trustee before the termination of the trust, shall hold, sell, invest and reinvest said property in the manner hereinafter specified, and shall collect the income therefrom, and after defraying all expenses properly chargeable against income shall pay over the net income to my wife MARGARET A. C. RITER until my son, HENRY GILBERT RITER, IV, shall attain the age of twenty-one years, and thereafter shall pay over the net income to my said son, or shall apply the same to his use, until he shall attain the age of thirty years. If my said wife should die before my son shall attain the age of twenty-one years, the Trustee shall apply the net income, or so much thereof as he in his absolute discretion shall deem necessary, to the maintenance, education and support of my said son until he shall attain the age of twenty-one years, and shall accumulate the balance of such

income, if any, and when my said son attains the age of twenty-one years, the Trustee shall pay over to him any accumulations of income, and thereafter shall pay over the entire net income to my said son, or shall apply the same to his use, until he shall attain the age of thirty years. When my said son attains the age of thirty years, the Trustee shall transfer and pay over the principal of the trust fund hereby created to my said son, but if he should die before he attains the age of thirty years, then, on his death, the Trustee shall transfer and pay over the principal of the trust fund hereby created to the issue of my said son then living, such issue to take per stirpes and not per capita, or if there shall be no such issue, to my wife MARGARET A. C. RITER, or if she shall not be then living, to my issue then living, such issue to take per stirpes and not per capita.

*     *     *     *     *     *     *

THIRD: I, as Trustee of the trust hereby created, or my successors if I should cease to be Trustee before the termination of the trust, shall have the following powers:

*     *     *     *     *     *     *

(j) At any time and from time to time, to transfer and pay over to my said wife, MARGARET A. C. RITER or to my said son, HENRY GILBERT RITER IV, or to apply to his use, so much of the principal of the trust fund as the Trustee, in his absolute discretion shall deem advisable.

The petitioner contends that the right to receive income under the trusts was a present right and from each 1937 transfer there must be excluded under section 504 (b) the value of the right to receive the income. She concedes in her brief that the transfers were otherwise transfers of future interests. The children had no right to receive income until they became of age and the gifts of income to them were of future interests. See article 11 of Treasury Regulations 79, approved in *United States* v. *Pelzer*, 312 U. S. 399. But there was a gift of a present interest in the right of the wife to receive the income of these two trusts during the minority of her son and daughter. Cf. *Charles* v. *Hassett*, 43 Fed. Supp. 432. An exclusion equal to $5,000 or to the value of the present interest of the wife to receive the income of the two trusts, whichever is smaller, would be proper. However, the donor provided in subdivision (j) of article third of the trust that the trustee, in his absolute discretion, had a right to pay to the son or apply to his use all or any part of the trust fund. The trustee under that provision had the power to terminate the trust by payment of the entire corpus to the son or for his use. Such an act by the trustee would have terminated the present right of the mother to receive the income from the trust. The gift of the income to her can not be valued satisfactorily for present purposes. *Robinette* v. *Helvering*, 318 U. S. 184. Furthermore, even if the trust could not be terminated, the factors upon which to base a valuation of such a gift are not in evidence. Since we are unable to compute any value for the present interest of the wife, we can not hold that the respondent erred in refusing to allow an exclusion based upon her present right to receive the income,

and, since that was the only gift of a present interest, our decision on this point must be for the respondent.

The petitioner in her brief does not contend that there was a gift of a present interest represented by her right to receive for herself the income from the two trusts during the minority of the two children. The argument which she there presents is that Henry had no intention of giving her the income from these two trusts for her own benefit, but intended that she should receive the income during the minority of the children only for their benefit.[1] She reasons that the income was to go to the children or for their use immediately and, therefore, the gifts were of present interests. This contention is contrary to the assignments of error in the petition to the effect that these trusts were partly for the benefit of the petitioner and that she had a present right to the income from the trusts. Furthermore, the contention is not supported by the trust instrument. We interpret the trust instrument as the petitioner must have interpreted it in drafting the petition, i. e., that it gave to her, individually, a right to receive the income from the trusts during the minority of the two children, at least so long as the trustees in their discretion should not see fit to transfer all of the corpus of the trust to the child beneficiary.

The second issue is whether the respondent has failed to give proper effect to the decision of this tribunal determining an overpayment in gift tax of Henry G. Riter, III, for 1936. The gift tax for 1937 is the excess of a tax computed on the total net gifts for all years up to and including 1937 over and above a similar tax computed on the total net gifts for the same period excluding 1937. Sec. 502. In this way the amount of the net gifts for 1936 becomes material in computing the gift tax for 1937. The Commissioner, in determining the net gifts for 1936 for the purpose of this computation, has concluded that no exclusion was proper under section 504 (b) based upon the 1936 transfers to the two trusts for the benefit of the wife and the two minor children. The reasons given above in denying any exclusion for 1937 in this connection apply with equal force to 1936, so that if the question is still open judgment must be for the Commissioner on this point. The petitioner concedes that the Commissioner was free to make his determination that no exclusions were proper in computing the 1937 net gifts. See *Blaffer* v. *Commissioner*, 134 Fed. (2d) 389. But, she argues, that the Commissioner, in determining the net gifts for 1936 for the purpose of the 1937 tax, is estopped by the judgment in the 1936 proceeding from taking a position inconsistent with it, i. e., from taking the position, above described, that no exclusions based upon the transfers to these two trusts were proper in determining the 1936 net gifts.

---

[1] She apparently received other gifts not here in controversy and she does not deny liability as a donee.

Riter, the donor, having received a notice of gift tax deficiency for 1936, filed a petition with the United States Board of Tax Appeals. The Commissioner, in determining that deficiency, had allowed two of four exclusions claimed on the return and disallowed the two exclusions claimed on account of 1936 transfers by gifts to the identical two trusts which we have considered above. He explained that the exclusions were disallowed because the transfers to those two trusts were gifts of future interests against which no exclusions were allowable. Riter contested this action of the Commissioner in that proceeding and stated that the taxes in controversy were gift taxes for the year 1936, the amount in dispute being $621.33, of which $430.56 represented the deficiency and $190.76 represented an amount claimed as an overpayment. The proceeding never came to trial, but was voluntarily settled by the parties through a stipulation filed with the Board. The stipulation merely stated that the petitioner had paid gift taxes for 1936 on a certain day in the amount of $654.07, whereas the correct tax liability was $463.31, so that there was an overpayment of $190.76, and the Board could enter its decision accordingly. The Board entered a decision in accordance with the stipulation of the parties that there was an overpayment of $190.76 which had been paid within three years of the filing of the petition. The parties have now stipulated that the two exclusions claimed by the donor were allowed in settling the 1936 case.

We have heretofore held that a judgment based upon a stipulation such as was filed in complete settlement of the 1936 case (as opposed to a stipulation of facts upon which a tribunal has based its independent judgment, see *Arthur Curtiss James*, 31 B. T. A. 712) is not a decision on the merits which will support a plea of the kind here made, raised as it is in a proceeding involving a different cause of action. See *Almours Securities, Inc.*, 35 B. T. A. 61, 69; *Volunteer State Life Ins. Co.*, 35 B. T. A. 491, 494; *Blaffer* v. *Commissioner*, *supra*; Federal Tax Litigation—Selected Problems of Res Judicata, by Paul and Zimet, 32 Illinois Law Review 139, 145; Res Judicata in Federal Tax Cases, by Griswold, 46 Yale Law Journal 1320, 1338. The recent case of *Libbie Rice Farish*, 2 T. C. 949, is not in point. There the respondent conceded in his brief an issue clearly stated and tried on the merits, other issues were involved, and the Court decided the case on the merits. The present case falls short of that one. Thus, the Board did not determine for 1936 that there was a present interest given to the wife or to the children, or decide any issue on the merits. It simply carried out an agreement of the parties to settle their 1936 controversy for undisclosed reasons satisfactory to themselves. Such a judgment does not support the plea here, regardless of what may have prompted the parties to settle that proceeding.

The question of the bar of the statute of limitations is also raised by the petitioner. The argument is made that, since the deficiency was never asserted against the solvent donor and the period of limitation against the donor had expired, no liability at law or in equity can be enforced against this petitioner. The petitioner is concluded on this issue by *Evelyn N. Moore*, 1 T. C. 14 (on appeal, C. C. A., 2d Cir.).

Reviewed by the Court.

*Decision will be entered for the respondent.*

SMITH, *J.*, concurs only in the result.

———

MELLOTT, *J.*, dissenting: I agree with the majority that petitioner's plea of *res adjudicata* should not be sustained. My view upon the applicability of the statute of limitations has been previously stated. *Evelyn N. Moore*, 1 T. C. 14 (on appeal 2 C. C. A.) ; *Fletcher Trust Co.*, 1 T. C. 798 (on appeal 7 C. C. A.) ; *Alma M. Myer*, 2 T. C. 291 (on appeal 8 C. C. A.) ; *Marguerite E. Bauer*, 2 T. C. 1016.

———

LEECH, *J.*, dissenting: I dissent on the third issue stated in the headnote. Of course the judgment introduced here in evidence as supporting the pleaded estoppel does not lose its conclusive quality and thus its evidentiary value because it was entered upon a stipulation and agreement. In vol. 15, R. C. L., at page 646, appears the following:

\* \* \* the law has been broadly laid down that as between parties sui juris, and in the absence of fraud, a judgment or decree of a court having jurisdiction of the subject matter, and rendered by consent of the parties, though without any ascertainment by the court of the truth of the facts averred, is as binding and conclusive between the parties and their privies as if the suit had been an adversary one, and the conclusions embodied in the decree had been rendered upon controverted facts and due consideration thereof by the court. [Citing *Thompson* v. *Maxwell*, 95 U. S. 391.]

*McGowan* v. *Parish*, 237 U. S. 285 ; *Harding* v. *Harding*, 198 U. S. 317 ; *United States* v. *Parker*, 120 U. S. 89 ; *Harniska* v. *Dolph*, 133 Fed. 158 ; *Eberle* v. *Sinclair Prairie Oil Co.*, 35 Fed. Supp. 296 ; affd., 120 Fed. (2d) 746 ; *Hot Springs Coal Co.* v. *Miller*, 107 Fed. (2d) 677 ; *Burgess* v. *Seligman*, 107 U. S. 20 ; *Pick Mfg. Co.* v. *General Motors Corporation*, 80 Fed. (2d) 639 ; *Simmons* v. *Baynard*, 30 Fed. 532 ; *Libbie Rice Farish*, 2 T. C. 949. See also 34 C. J. 787, and cases there cited.

It is true that neither the questioned judgment nor the stipulation and agreement upon which it was entered embodies expressly the basis for either. But, to be effective as an estoppel here, that is not necessary. It is sufficient if the record in evidence discloses without "uncertainty" that this judgment did, in fact, decide the point or issue

which petitioner here pleads we are estopped from considering. As the Supreme Court said in *Russell* v. *Place*, 94 U. S. 606, at page 608:

\* \* \* If there be any uncertainty on this head in the record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. \* \* \*

Supplementing this statement, the rule quoted with approval in *Masters* v. *City of Rainier*, 238 Fed. 827, at page 833, is:

"The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis on which it stands 'upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion.'"

That the issue may be one of law or of mixed law and fact does not preclude estoppel. *Warner* v. *Tennessee Products Corporation*, 57 Fed. (2d) 642; certiorari denied, 287 U. S. 632; *Anna Eliza Masterson*, 1 T. C. 315 (on appeal, C. C. A., 5th Cir.). Nor is it material that the issue was there wrongly decided. The essence of the plea is that the issue was decided. *Pryor & Lockhart Development Co.*, 34 B. T. A. 687.

Our decision in the recent case of *Libbie Rice Farish*, *supra*, recognized and followed these rules. The majority here do not question their validity. They attempt to distinguish the *Farish* case on the ground that the judgment supporting the estoppel pleaded here was entered upon a mere stipulation and agreement settling a tax controversy without disclosing what issues, if any, aside from the amount of the tax liability involved, were decided. I disagree with that conclusion because, I think, its premise has no support and is definitely contradicted by the evidence. Thus, it is stipulated in the present proceeding that the very two exclusions for 1936 which respondent denies to petitioner now in computing the net gifts for that year in arriving at the tax on the 1938 gifts were allowed under the stipulation and agreement upon which the disputed judgment was entered. The record confirms the truth of that stipulation and agreement. It does more. It shows that the overpayment there stipulated and agreed was based wholly upon the allowance of those exclusions—and nothing else. It discloses that these exclusions were allowed on the ground that the gifts to the children by way of these two trusts were of present interests—and for no other reason. This is clear because (1) the 1936 deficiency, as disclosed by the notice of the same, resulted exclusively from the disallowance of these exclusions; (2) that disallowance was

based in the deficiency notice on the ground, alone, that these gifts were of future interests; (3) such disallowance, specifically including that reason basing it, was the *only* error assigned in the petition originating the proceeding involving the 1936 deficiency; and (4) the amount of the stipulated and agreed overpayment was exactly as there claimed and based on that alleged error.[1]

That record, I think, shows beyond the slightest doubt that the issue and the only issue settled by the stipulation and agreement, upon which the judgment in controversy was entered, was whether the gift to the children, effected in 1936 by means of the two trusts, were of present interests and so reducible by the exclusion from each, or were of future interests and, consequently, not so reducible. That is the issue here in which petitioner pleads estoppel.

The facts that the former proceeding was between the respondent and the donor and that this petitioner was not a party of record are of no significance. An estoppel by judgment is equally conclusive on parties and their privies. *Railroad Co.* v. *National Bank*, 102 U. S. 14. The donor and donee are privies in estate. *Bigelow* v. *Old Dominion Copper Co.*, 225 U. S. 111.

It follows, I think, that petitioner's plea of estoppel by judgment should be sustained.

DISNEY, *J.*, agrees with this dissent.

---

[1] The figures in the petition, answer, and stipulation are entirely consistent with each other. The apparent differences result only from the differing viewpoints from which the petition on the one hand and the stipulation on the other were prepared. Thus the petition, in setting out the amount in controversy, merely adds the amount of the determined deficiency to the alleged overpayment. The stipulation and agreement starts out with the amount of taxes paid, from which it deducts the correct liability, thus leaving the amount of the overpayment.