**TRAPP v. UNITED STATES.**

No. 3851.

United States Court of Appeals
Tenth Circuit.

Sept. 14, 1949.

Rehearing Denied Nov. 2, 1949.

2

Ram Morrison and Chas. H. Garnett, Oklahoma City, Okl., for appellant.

Lester L. Gibson, Special Assistant to the Attorney General (Theron Lamar

Caudle, Assistant Attorney General, Ellis N. Slack and Robert N. Anderson, Special Assistants to the Attorney General, and Robert E. Shelton, United States Attorney, Oklahoma City, Okl., on the brief), for appellee.

Lynn Adams, Oklahoma City, Okl., amicus curiæ.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

M. E. Trapp, hereinafter referred to as the taxpayer, and his wife, Lou Strang Trapp, have been residents of Oklahoma since sometime prior to 1907. The taxpayer filed with the Collector of Internal Revenue for the District of Oklahoma the required income tax return for the year 1940 and paid the tax calculated thereon. The income derived from oil and gas produced from leases covering lands in Texas was returned as community income, one-half returnable by the taxpayer and the other one-half by his wife. On redetermination, the Commissioner of Internal Revenue treated the entire income from such source as income of the taxpayer and imposed a deficiency assessment. The deficiency with accrued interest in the aggregate amount of $2,454.42 was paid under protest and a claim for refund was seasonably filed. The Commissioner having failed to render a decision on the claim within six months after the date of its filing, this action was brought. It was alleged in the complaint that the income derived from the leases was community income of the taxpayer and his wife; that one-half of such income was taxable as her income; and that the Commissioner erred in treating it otherwise. And by way of estoppel by judgment it was further alleged that in a proceeding involving the liability of the taxpayer for tax on income derived from such leases for the year 1935, the Board of Tax Appeals determined and adjudicated that the income was community income subject to tax accordingly. In its answer the United States admitted most of the facts alleged in the complaint, but denied that the gain from the leases was community income, and further denied that the interest of the

taxpayer in the leases had been effectively adjudicated by the Board of Tax Appeals.

The cause was tried to the court without a jury. Determining that the portion of the taxable gain attributable to the cash paid for three of the leases, known as the King, Crisp, and Bob White leases, was separate income of the taxpayer and that the portion of the taxable gain attributable to the labor, talent, and skill of the taxpayer in acquiring, developing, and managing such leases was community income of the taxpayer and his wife; determining that all of the taxable gain from the other three leases, known as the Moseley, Milas, and Fenn leases was separate income of the taxpayer; determining that the rights of the taxpayer and his wife in the leases had not been effectively adjudicated by the Board of Tax Appeals in such manner as to constitute estoppel by judgment; taking into consideration other minor items about which there is no controversy here; and making the calculation on that basis; the court entered judgment for the taxpayer in the sum of $1,317.21. The taxpayer appealed.

The judgment is challenged on the ground that the court erred in holding that the evidence of the taxpayer was insufficient to overcome the presumption of correctness attached to the findings of the Commissioner. It is argued that the presumption of correctness attached to the findings of the Commissioner merely means that in the absence of evidence to the contrary the action of the Commissioner will be upheld but that once evidence is adduced proving that the findings are erroneous, the presumption vanishes and the case is wide open; and that the positive evidence of the taxpayer abundantly overcame the presumption that the action of the Commissioner was correct and showed affirmatively the existence of a family partnership between the taxpayer and his wife. The presumption of correctness attached to the action of the Commissioner disappears in a case of this kind when evidence sufficient to sustain a contrary finding has been introduced. Crude Oil Corp. v. Commissioner, 10 Cir., 161 F.2d 809.

■ The court did find that the evidence adduced by the taxpayer was not sufficiently strong to overcome the finding of the Commissioner that there was no partnership between the taxpayer and his wife. But the material findings relating to the existence of a partnership did not end there. The court found that the taxpayer and his wife were married in 1907; that prior to their marriage she had a small estate; that after their marriage he engaged in the bond business and later in the oil leasing and production business; that the businesses were conducted by him and in his name; that she never took any active part in them; that neither the taxpayer nor his wife ever held out any of such business ventures as partnership transactions; that she never received a disbursement of increment or profit from the businesses; that all of her withdrawals from funds produced by the businesses were for household expenses, clothes, and other housewife expenditures; that no partnership information return was ever filed; that in 1935, the taxpayer for the first time divided his income between himself and wife and then only for the purpose of his federal income tax return; and that the evidence failed to show that she contributed to him any substantial portion of her separate estate for his individual use or for use in conducting a joint enterprise on their behalf. These substantive findings were made by the court quite apart from any presumption of correctness attached to the action of the Commissioner. Such findings were not plainly erroneous, due regard being had for the opportunity of the trial court to observe the demeanor of the witnesses while testifying, to appraise their credibility, and to determine the weight to be given to their testimony. Therefore the findings must stand on appeal. Yates v. American Republics Corporation, 10 Cir., 163 F.2d 178; Wyoming Railway Co. v. Herrington, 10 Cir., 163 F.2d 1004; Boston Ins. Co. v. Read, 10 Cir., 166 F.2d 551, 2 A.L.R.2d 1155; Beard v. Achenbach Memorial Hospital Ass'n, 10 Cir., 170 F.2d 859.

■ It is the general rule that a partnership is created when two or more persons unite their money, goods, labor, or skill in the conduct of a business or trade with a community of interest in the profits and losses. And that general rule has application in a case of this kind involving liability for income tax when the existence of a partnership becomes a material issue. Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135. But viewed in the light of the material findings of fact made by the trial court, it is clear that there was no bona fide family partnership or other like relation between this taxpayer and his wife, within the intent and meaning of pertinent income tax legislation. Commissioner v. Tower, supra; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679.

■■ Error is assigned upon the failure of the court to sustain the plea of estoppel by judgment. Where a second suit between the same parties or their privies is on the same cause of action as the first, the final judgment rendered in the former action constitutes res judicata as to all matters actually litigated and as to every issue, claim, or defense which might have been presented. But where the later suit between the same parties or their privies is on a different cause of action, the judgment in the first action operates as an estoppel only in respect of the issues, claims, or defenses which were actually litigated and determined. Brown-Crummer Inv. Co. v. City of Purcell, Okl., 10 Cir., 128 F.2d 400; Bowles v. Capitol Packing Co., 10 Cir., 143 F.2d 87. These general principles have application to actions relating to income taxes. Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. But the doctrine of estoppel by judgment is to be applied narrowly in cases involving income taxes for different years. Gillespie v. Commissioner, 10 Cir., 151 F.2d 903, certiorari denied, 328 U.S. 839, 66 S.Ct. 1014, 90 L.Ed. 1614; Pelham Hall Co. v. Hassett, 1 Cir., 147 F.2d 63.

Here, the taxpayer returned the income derived from the oil leases in Texas for the taxable year 1935 as community income of himself and wife. The division was disallowed and a deficiency assessment followed. The taxpayer petitioned the Board of Tax Appeals for review, alleging that the income was community income and that the Commissioner should not have treated it otherwise. The record before us fails to indicate that an answer was filed in the proceeding or that any issue of fact or law was otherwise joined. Negotiations between the parties were had and the deficiency was calculated according to the contentions of the taxpayer. But there was no trial, and no stipulation of facts was filed. The parties stipulated in writing that there was a deficiency due in a specified amount and that decision might be rendered accordingly. But the stipulation did not set forth any of the basic facts on which that conclusion was based. Reciting that it was entered pursuant to the written stipulation of the parties, decision was entered for the agreed amount. A judgment, not predicated upon stipulated facts, or upon findings of fact, or upon a determination on the merits, but merely to carry out a compromise agreement of the parties, fails to constitute an effective judicial determination of any litigated right. Fruehauf Trailer Co. v. Gilmore, 10 Cir., 167 F.2d 324. And a decision of that kind rendered by the Tax Court will not support a plea of estoppel in a case of this nature involving liability for income tax for a different year. Blaffer v. Commissioner, 5 Cir., 134 F.2d 389; Hartford-Empire Co. v. Commissioner, 2 Cir., 137 F.2d 540, certiorari denied, 320 U.S. 787, 64 S.Ct. 196, 88 L.Ed. 473; Riter v. Commissioner, 3 T.C. 301.

The next contention is that the court erred in holding that any of the income from the operation of the leases was separate income of the taxpayer. It is argued that the law of Texas governs the classification of the income from the operation of the leases as to whether it was separate or community income; that under the law of that state gains derived from the operation of oil and gas leases separately owned by the husband constitute community gains if his skill, labor, or supervision is employed in the operation; that the taxpayer contributed his services, labor, and skill in the acquisition, development, and operation of the leases; and that therefore the gains derived from that source constituted community income. Legal rights and interests are created by state law. The federal revenue acts merely determine when and how rights and interests created in that manner shall be taxed. Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199; Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Goodell v. Koch, 282 U.S. 118, 51 S.Ct. 62, 75 L.Ed. 247; Hopkins v. Bacon, 282 U.S. 122, 51 S.Ct. 62, 75 L.Ed. 249; Morgan v. Commissioner, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035. The question whether the income derived from the oil and gas produced from these leases was separate or community income must be determined by the law of Texas, even though the taxpayer was a resident of Oklahoma. Hammonds v. Commissioner, 10 Cir., 106 F.2d 420; Noble v. Commissioner, 10 Cir., 138 F.2d 444.

The rule in Texas that marital rights in lands are regulated by the law of that state, regardless of the residence of the spouses, is subject to the qualification that where property is acquired in that state through purchase with funds which are the separate property of one of the spouses, or in exchange for separate property of one of them, the character of the funds or of the property given in exchange is transmitted to the property acquired. Separate property remains separate through all its mutations and changes so long as it can be clearly traced and identified. Hammonds v. Commissioner, supra; Noble v. Commissioner, supra.

The King, Crisp, and Bob White leases were purchased by the taxpayer with funds earned and accumulated in the operation of the bond business in Oklahoma, and they were neither community nor partnership funds. In addition to the funds expended in the purchase of the leases,

the taxpayer contributed his labor, talent, and skill in acquiring, developing, and managing the properties. But the court did not determine that all of the income derived from those leases was separate income taxable to him. The court ascertained the amount of cash paid for the leases, ascertained the reasonable value of the labor, talent, and skill contributed by the taxpayer, and classified the income derived in 1940 as separate and community income in the same proportions. The portion of the income attributable to the purchase price paid in cash was treated as separate income, and the portion attributable to the value of the services of the taxpayer was treated as community income, taxable as such. The part of the income attributable to the cash paid for the leases constituted separate income of the taxpayer. Noble v. Commissioner, supra. And the part attributable to the services of the taxpayer rendered in Texas in connection with the acquisition, development, and management of the properties constituted community income. Hammonds v. Commissioner, supra.

The Moseley, Milas, and Fenn leases were different. The taxpayer and a partner acquired them together. Each partner contributed one-half of the purchase price. The taxpayer borrowed the money with which his part was paid. His wife did not obligate herself for the borrowed funds. She had nothing to do with the purchase. And she had no interest in the property. In significant distinction from the findings relating to the King, Crisp, and Bob White leases, the court did not find that the taxpayer contributed any services in connection with the acquisition, development, or management of these leases. No finding to that effect was requested by the taxpayer, and no exceptions were taken to the findings of the court. The net gain derived from these leases was taxable to the taxpayer without division. Noble v. Commissioner, supra.

But it is argued in effect that even though the portion of the income attributable to the cash consideration paid for the leases be deemed separate income and the portion attributable to the services rendered by the taxpayer be deemed community income, the entire income was commingled with other funds in such manner that the whole thereof must be treated as community income. It is the law in Texas that where separate and community funds are so inextricably confused and commingled that they cannot be traced or identified, the entire fund is to be treated as community property. McFaddin v. Commissioner, 5 Cir., 148 F.2d 570. But no such case is presented here. The gain derived from these leases during the taxable year in question has not become so confused and commingled that it is impossible to trace and identify it with reasonable certainty.

Finally, complaint is made that the court erred in denying the motion of the taxpayer for a new trial on newly discovered evidence. A motion for new trial is addressed to the sound judicial discretion of the trial court, and the action of the court thereon will not be disturbed on appeal unless it constitutes a manifest abuse of discretion. Metropolitan Life Insurance Co. v. Banion, 10 Cir., 106 F.2d 561; Viles v. Prudential Ins. Co. of America, 10 Cir., 107 F.2d 696, certiorari denied, 308 U.S. 626, 60 S.Ct. 387, 84 L.Ed. 523; Dyess v. W. W. Clyde & Co., 10 Cir., 132 F.2d 972. There was no abuse of discretion in the denial of the motion in this case.

The judgment is affirmed.