T.C. Summary Opinion 2006-146

UNITED STATES TAX COURT

GARY H. AND L. MARIANNE BELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3524-05S.          Filed September 14, 2006.

Gary H. and L. Marianne Bell, pro sese.

<u>R. Craig Schneider</u>, for respondent.

DAWSON, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.  Unless otherwise indicated, subsequent
section references are to the Internal Revenue Code in effect for
the year in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

Respondent determined a $990 deficiency in petitioners' Federal income tax and a $198 accuracy-related penalty under section 6662(a) for 2002.[1]

The issues for decision are: (1) Whether petitioners are entitled to a deduction under section 219 for a contribution made by petitioner-husband to an individual retirement account (IRA) for 2002; and (2) whether respondent is estopped from denying petitioners' claimed IRA deduction because of a decision document entered by this Court in their case, docket No. 2788-04S, for 2001.

## Background

Some of the facts have been stipulated and are so found. Petitioners resided in Ogden, Utah, when they filed their petition in this case.

Gary H. Bell (petitioner) retired in 1998 under the Civil Service Retirement System after 30 years of service as a U.S. Government employee. He worked from 1991 to 1998 for the Bonneville Power Administration as a project coordinator for the construction of high voltage transmission lines. Petitioner was over age 50 in 2002.

---

[1]Respondent has conceded the accuracy-related penalty under sec. 6662(a). Petitioners conceded adjustments relating to interest income of $2,997 and dividend income of $71. The computation included in the deficiency notice shows that petitioners previously paid $584 as tax and interest of $74 on these adjustments for 2002.

In January 1991, petitioner began participating in the Thrift Savings Plan (TSP) for Federal employees. The TSP is a defined contribution plan. Contributions to petitioner's TSP account were made by payroll deductions from his wages. The amounts deducted were not included in his wage income for tax purposes during the years he participated in the TSP plan. At the time of his retirement petitioner had contributed approximately $18,000 to his TSP account. On August 31, 1998, petitioner's TSP balance was $29,195. The difference between $18,000 and $29,195 represents the increases in the value of petitioner's investments in his TSP account.

Beginning September 1, 1998, petitioner chose to receive monthly payments of $400 from his TSP account. The amounts, less withholding, were electronically deposited to petitioners' checking account in America First Credit Union, Edison Branch, in Ogden.

Petitioners filed a joint Federal income tax return for 2002 on which they reported taxable interest of $3,536.64, ordinary dividend income of $264.84, TSP distribution income of $4,800, pension and annuity income of $30,459.12, a capital loss of $3,000, and total gross income of $36,060.65. On that return petitioners claimed an IRA deduction of $3,500 in reporting their adjusted gross income of $32,560.65. The claimed IRA deduction was paid by transferring on March 30, 2003, $3,500 from

petitioners' checking account to a separate IRA account in petitioner's name in America First Credit Union.

Petitioners received no wages or salaries from employment in 2002. They were not engaged in any business in that year. They did not file a Schedule C, Profit or Loss From Business, with their income tax return for 2002. They had no earnings from self-employment in that year.

In the notice of deficiency, respondent disallowed petitioners' claimed IRA deduction of $3,500 for the year 2002.

## Discussion

### A. IRA Deduction

In general, taxpayers have the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a)(1) shifts the burden of proof of a factual issue to the Commissioner under certain limited circumstances. Section 7491 does not affect our analysis because our holding does not depend upon which party has the burden of proof; the evidence in the record establishes the facts and the resolution of the disputed IRA deduction involves a matter of law.

Although respondent first contends that petitioners have not substantiated the payment made to petitioner's IRA account at America First Credit Union for taxable year 2002, the evidence contained in the record establishes that on March 30, 2003,

petitioner transferred $3,500 from his checking account to a separate IRA account in petitioner's name in America First Credit Union.  Thus the key question we must decide is whether petitioners received any "compensation" or "earned income" in 2002 from which they could deduct the $3,500 contribution made to petitioner's IRA account.

Petitioner's position is that he is entitled to his IRA deduction in 2002 because the $4,800 he received from his TSP distributions in that year constituted "earned income" he reported on his tax returns as includable in his gross income. He contends that some of his salary income earned, but not taxed, in prior years, which was deposited in his TSP account, continued to be earned income taxable in years when TSP distributions were made to him.  To the contrary, respondent contends that the "maximum amount" petitioners may claim for an IRA deduction in 2002 is zero because petitioners did not have any "compensation" (which term includes "earned income") that was includable in their gross income pursuant to the provisions of section 219(b)(1)(B) and (f)(1).  We agree with respondent for the reasons stated herein.

With certain limitations, a taxpayer is entitled to deduct amounts contributed to an IRA.  Sec. 219(a).  The deduction, however, may not exceed the lesser of (1) the deductible amount or (2) an amount equal to the compensation includable in the

taxpayer's gross income for such taxable year.  Sec. 219(b)(1).

For 2002, the increased deductible amount is $3,500 if the

taxpayer was 50 or older before the close of the taxable year.

Sec. 219(b)(5)(B).  Petitioner was over age 50 in 2002.

For purposes of calculating the maximum amount of an IRA

deduction, compensation is defined, in pertinent part, in section

219(f)(1) as follows:

> (1) Compensation.--For purposes of this section,
> the term "compensation" includes earned income (as
> defined in section 401(c)(2)).  The term "compensation"
> does not include any amount received as a pension or
> annuity and does not include any amount received as
> deferred compensation. * * * For purposes of this
> paragraph, section 401(c)(2) shall be applied as if the
> term trade or business for purposes of section 1402
> included service described in subsection (c)(6).

Compensation is further defined in section 1.219-1(c)(1),

Income Tax Regs., as follows:

> (1) Compensation.--For purposes of this section,
> the term "compensation" means wages, salaries,
> professional fees, or other amounts derived from or
> received for personal service actually rendered
> (including, but not limited to, commissions paid
> salesmen, compensation for services on the basis of a
> percentage of profits, commissions on insurance
> premiums, tips, and bonuses) and includes earned
> income, as defined in section 401(c)(2), but does not
> include amounts derived from or received as earnings or
> profits from property (including, but not limited to,
> interest and dividends) or amounts not includible in
> gross income.

Section 401(c)(2), which is referred to in section 219 and section 1.219-1(c)(1), Income Tax Regs., is an elaboration of the term "earned income" as it applies to net earnings from self-employment.  Petitioners were not engaged in a trade or business in 2002; they filed no Schedule C with their income tax return; and they had no net earnings from self-employment in that year.

Accordingly, we conclude that the amount of $4,800 petitioner received in 2002 as distributions from his TSP account was not compensation or earned income as defined in section 219(f)(1) and section 1.219-1(c)(1), Income Tax Regs.  In view of the broad definition of compensation set forth in the statute and regulations, it would be superfluous if we interpreted "compensation" as petitioner requested.  See Clarke v. Commissioner, T.C. Memo. 1999-199 (holding that an IRA distribution received by the taxpayer was not includable in his compensation because it did not constitute wages, salaries, professional fees, or other amounts derived from personal services actually rendered, but included amounts derived from earnings from property); cf. Miller v. Commissioner, 77 T.C. 97, 100-102 (1981); King v. Commissioner, T.C. Memo. 1996-231; Estate of Hall v. Commissioner, T.C. Memo. 1979-342.  Therefore, we hold that the maximum amount of petitioners' IRA deduction for 2002 is zero pursuant to section 219(b)(1)(B).

B.  Collateral Estoppel

Petitioners contend that respondent is estopped from determining a deficiency as to their claimed IRA deduction for 2002 because of a decision document entered by this Court pursuant to a settlement by the parties that allowed petitioners an IRA deduction for 2001.  Petitioners claimed an IRA deduction of $2,000 on their Federal income tax return for 2001, a year in which they had no compensation as that term is used in section 219(b)(1)(B) and (f)(1).  However, the Appeals Office resolved the IRA deduction issue for 2001 in petitioners' favor by allowing the deduction because it was substantiated by a third party.  No question was raised as to whether the deduction was limited by petitioners' compensation in that year.  The IRA deduction issue for 2001 was resolved by a decision document that this Court entered on December 6, 2004, in the case of <u>Gary H. and L. Marianne Bell v. Commissioner</u>, docket No. 2788-04S.

Respondent asserts that the decision document alone, which was signed by the parties and entered by the Court with respect to 2001, is not sufficient for invoking collateral estoppel against respondent to preclude the denial of the IRA deduction claimed by petitioners for 2002.  We agree.  The decision document for the tax year 2001 only effectuated a settlement of that case.  There was no stipulation of facts in support of the settlement.  There was no trial on the merits of the IRA

deduction issue.  Trapp v. United States, 177 F.2d 1, 5 (10th Cir. 1949); Riter v. Commissioner, 3 T.C. 301, 305 (1944).  The U.S. Court of Appeals for the Tenth Circuit in Trapp explained the effect of a decision document entered in a prior year by the Tax Court, without a trial or receiving evidence, as follows:

> A judgment, not predicated upon stipulated facts, or upon findings of fact, or upon a determination on the merits, but merely to carry out a compromise agreement of the parties, fails to constitute an effective judicial determination of any litigated right. Fruehauf Trailer Co. v. Gilmore, 10 Cir., 167 F.2d 324. And a decision of that kind rendered by the Tax Court will not support a plea of estoppel in a case of this nature involving liability for income tax for a different year.  Blaffer v. Commissioner, 5 Cir., 134 F.2d 389; Hartford-Empire Co. v. Commissioner, 2 Cir., 137 F.2d 540, certiorari denied, 320 U.S. 787, 64 S.Ct. 196, 88 L.Ed. 473; Riter v. Commissioner, 3 T.C. 301. [Trapp v. United States, supra at 5.]

Therefore, we hold that collateral estoppel does not apply here.

To reflect the foregoing and concessions made by the parties,

Decision will be entered

under Rule 155.