ALMA M. MYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LEO A. DREY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 109565, 109566, 109567. Promulgated June 29, 1943.

*Abraham Lowenhaupt, Esq.,* and *Stanley S. Waite, Esq.,* for the petitioners.

*Carroll Walker, Esq.,* for the respondent.

294

## OPINION.

TYSON, *Judge:* The issue, applying to all docket numbers, which we shall first consider is whether the gifts made in 1933 and 1937 in trust were of future or present interests within the meaning of section 504 (b) of the Revenue Act of 1932.[1] If the gifts were of future interests the donor was not entitled, under that section, to a $5,000 exclusion for each or either of those years, as claimed by petitioners. Under the terms of the trust instrument the trustee, Alma M. Myer, had the discretion of determining the amount of and the manner in which the net income of the trust was to be expended for the benefit of her son, the beneficiary. The trust estate was not to be distributed to the beneficiary until he reached 30 years of age. The age of the beneficiary is not disclosed by the record, but, presumably. he was at all times material less than 30 years old, as the trust was operative during the taxable years. Thus, during the taxable years, the beneficiary did not have the absolute right to the present enjoyment of the income or possession of the corpus. Accordingly, we hold that the gifts made by Alma M. Myer in trust in 1933 and 1937 were gifts of future interests and that she, as donor, was not entitled to an exclusion of $5.000 for either year. under section 504 (b), *supra. United States* v. *Pelzer*, 312 U. S. 399; *Welch* v. *Paine*, 120 Fed. (2d) 141; *Commissioner* v. *Taylor*, 122 Fed. (2d) 714; certiorari denied, 314 U. S. 699; *Commis-*

---

[1] SEC. 504. NET GIFTS.

\* \* \* \* \* \*

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

*sioner* v. *Brandegee*, 123 Fed. (2d) 58; *Lillian Seeligson Winter-botham*, 46 B. T. A. 972; and *Alma S. Hay*, 47 B. T. A. 247. This holding applies to all docket numbers.

Our holding that the gifts were of future interest presents the further questions of (1) whether in Docket No. 109565 the statute of limitations bars collection of any deficiency against Alma M. Myer, petitioner, for the year 1933, as donor of the gift in trust made in that year, and, if not, (2) whether she, as such donor, is entitled to $5,000 as a specific exemption for that year under section 505 (a) (1) of the Revenue Act of 1932.[2]

With regard to the question of whether the statute of limitations bars collection of any deficiency against Alma M. Myer for the year 1933, petitioner makes no argument that it does so; and if such argument were made it would obviously be fallacious, since, as shown in our findings, the deficiency for 1933 was determined on December 13, 1941, on petitioner's return for 1933, belatedly filed on June 22, 1941.

With regard to the question of whether Alma M. Myer, as donor, in Docket No. 109565 is entitled to $5,000 as a specific exemption for 1933 under section 505 (a) (1), *supra*, we are of the opinion that she is not so entitled. The record shows that Alma M. Myer made a gift in trust of $5,000 in 1933 and in her gift tax return for that year, belatedly filed June 22, 1941, she claimed an exclusion of $5,000 and in the alternative a specific exemption of that amount. The record further shows that for the year 1932 she claimed on her gift tax return for that year, filed on or before March 15, 1933, and was allowed a specific exemption of $8,020.12, and that for the year 1934 she claimed in her gift tax return for that year, filed February 8, 1935, and was allowed the further amount of $41,979.88 as a specific exemption.

Section 505 (a) (1), *supra*, grants as a specific exemption from gift tax the amount "of $50,000, less the aggregate of the amounts claimed and allowed as specific exemption for preceding calendar years." This statute does two things: (a) It allows a total exemption of $50,000 and no more; and (b) it affords two methods by either of which the exemption *may be taken*, i. e., all in one year or spread over a period of years, that period to embrace the year in which the last portion of the $50,000 is claimed and allowed and preceding years in which the other portions have been claimed and allowed. The primary purpose of the statute, as is apparent from its language, is to limit absolutely the total specific exemption to $50,000, and its secondary purpose is to provide two methods for claiming the exemption, either

---

[2] SEC. 505. DEDUCTIONS.

In computing net gifts for any calendar year there shall be allowed as deductions:

(a) RESIDENTS.—In the case of a citizen or resident—

(1) SPECIFIC EXEMPTION.—An exemption of $50,000, less the aggregate of the amounts claimed and allowed as specific exemption for preceding calendar years.

of which *may* be used by the donor. If the statute needed clarification in this respect, that is afforded by the statement in Senate Finance Committee Report No. 665, page 41, as follows: "Against gifts made by a resident donor there is allowed a specific exemption of $50,000 * * *. This exemption, at the option of the donor, may be taken all in one year or spread over a period of years, but *after* the $50,000 exemption has been used up *no further exemption is allowed.*" [Italics supplied.] While the statute provides two methods by which the exemption *may* be taken, one of which, as expressly provided therein, is by spreading it over the year in which the last portion is claimed and allowed and "preceding calendar years," we are of the opinion that it was not the intention of Congress that either or both of these two permissive methods should exclude the use of another method by which the exemption might be claimed and allowed, when under unusual circumstances, such as here obtain by reason of the filing of the belated return, it would be necessary to use such other method in order to preserve the imperative limitation of $50,000 on the total exemption to be allowed. Any other construction of the statute might, in many instances, defeat its prime purpose by extending the exemption beyond $50,000, as would be the case here if the claimed specific exemption of $5,000 for 1933 were allowed, since the total exemption of $50,000 had already been claimed and allowed for 1932 and 1934, which claim and allowance were made prior to any allowance that could now be made for 1933 or could have been made by respondent upon the return for 1933 belatedly filed on June 22, 1941, by Alma M. Myer, petitioner in Docket No. 109565. The $50,000 exemption had been used up by that petitioner before the claim for $5,000 additional exemption was presented by her belated return. The claim of petitioner in Docket No. 109565 for a $5,000 specific exemption for 1933 is not allowable and the deficiency of $37.50 determined for that year by respondent is approved.

Arising under Docket No. 109566 is the question of whether the statute of limitations bars collection of the gift tax for 1937 from Alma M. Myer as trustee or transferee

On February 21, 1938, Alma M. Myer, as donor, filed a gift tax return for 1937. The three-year period (sec. 517 (a), Revenue Act of 1932, applicable here) within which a deficiency could be determined against Alma M. Myer as donor making that return expired February 20, 1941. On December 13, 1941, respondent determined a liability against Alma M. Myer as trustee and transferee for a gift tax due from Alma M. Myer as donor for the year 1937, and unpaid. The applicable statute, section 526 (b) (1) of the Revenue Act of 1932, provides that assessment of liability against a transferee may be made "within one year after the expiration of the period of limitation for assessment against the donor." It is therefore clear that

the statute of limitations does not bar the collection of the gift tax here involved for the year 1937 from Alma M. Myer as trustee and transferee if she is otherwise liable therefor.

Two other questions arising in each of Docket Nos. 109566 and 109567 are: (1) whether Alma M. Myer, petitioner in Docket No. 109566, is liable as trustee and transferee for the gift tax of the donor, Alma M. Myer, for the year 1937, and (2) whether Leo A. Drey, petitioner in Docket No. 109567, is liable for that tax as donee, transferee, and beneficiary in the trust. Petitioners in these two docket numbers contend that section 510 of the Revenue Act of 1932,[3] applicable to the taxable year 1937, here involved, does not impose a liability at law on either of them and that consequently there could be no liability of either, since the donor Alma M. Myer, is shown to be solvent, and, moreover, the statute of limitations bars assessment and collection of the tax as against her. The contentions of petitioners in these two docket numbers as to the liability at law of the petitioners therein and as to the solvency of Alma M. Myer are conclusively answered against the petitioners by the discussions and decisions in *Evelyn N. Moore*, 1 T. C. 14, and *Fletcher Trust Co., Trustee*, 1 T. C. 798; and the contention as to the effect of the statute of limitations barring assessment and collection of the tax from Alma M. Myer, as donor, likewise is answered in *Evelyn N. Moore*. In this connection it is to be noted that Leo A. Drey, petitioner in Docket No. 109567, being the beneficiary in the trust, was a donee, *Helvering* v. *Hutchings*, 312 U. S. 393, and thus is in the same status, in that particular, as was the donee in the *Moore* case.

On the authority of *Evelyn N. Moore* and *Fletcher Trust Co., Trustee, supra*, we hold that Alma M. Myer is liable as trustee and transferee for the gift tax liability for 1937 determined against her as such by the respondent; and that Leo A. Drey likewise is liable for the gift tax liability for 1937 determined by the respondent against him as donee and transferee.

A preliminary question to the one last above considered as it relates to Docket No. 109567 is whether there is any gift tax due from Alma M. Myer as donor and transferor for the year 1937 on her gifts in trust of $100,167.97 in that year. Petitioner therein makes no argument that such tax is not so due and we therefore consider the issue involving this question as abandoned.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[3] SEC. 510. LIEN FOR TAX.

The tax imposed by this title shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift. * * *

MELLOTT, *J.*, dissenting: For the reasons set out in the dissenting opinion in *Evelyn N. Moore*, 1 T. C. 14, I respectfully note my dissent to the portion of the opinion of the majority holding that the donee (petitioner in Docket No. 109567) is liable, as a transferee.