642

Alma M. MYER, Trustee and Transferee, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE.

No. 12753.

Circuit Court of Appeals, Eighth Circuit.

April 4, 1945.

Stanley S. Waite, Abraham Lowenhaupt, and H. M. Stolar, all of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to Attorney General, and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ralph F. Staubly and John W. Smith, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

PER CURIAM.

Decision of the Tax Court of the United States, 2 T.C. 291, affirmed and petition to review dismissed without the taxation of costs in favor of either of the parties in this Court, on authority of decision in Mississippi Valley Trust Company and Ruth H. Watkins, Trustees and Transferees, Petitioners, v. Commissioner of Internal Revenue, 8 Cir., 147 F.2d 186, pursuant to stipulation.

NATIONAL LABOR RELATIONS BOARD, Petitioner, v. AXELSON MANUFACTURING COMPANY.

No. 13090.

Circuit Court of Appeals, Eighth Circuit.

May 14, 1945.

Alvin J. Rockwell, Gen. Counsel, National Labor Relations Board, and Malcolm F. Halliday, Associate Gen. Counsel, National Labor Relations Board, both of Washington, D. C., for petitioner.

Cobbs, Logan, Roos & Armstrong, of St. Louis, Mo., for respondent.

PER CURIAM.

Order of National Labor Relations Board enforced, etc., on petition for enforcement and stipulation of parties filed with Board.

NATIONAL LABOR RELATIONS BOARD, Petitioner, v. CLAYTON & LAMBERT MANUFACTURING COMPANY, Respondent.

No. 9926.

Circuit Court of Appeals, Sixth Circuit.

June 11, 1945.

Alvin J. Rockwell, of Washington, D. C., for petitioner.

Elroy O. Jones, of Detroit, Mich., for respondent.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

This cause coming on to be heard before the court upon petition of the National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq., for enforcement of its order issued against respondent on June 30, 1944, and the cause being submitted on the record, the arguments and briefs of counsel, and, being advised, the court finds that there is substantial evidence in the record sustaining the finding of the Board that respondent engaged in unfair labor practices within the meaning of Section 8(1) (3) of the Act; therefore, the order of the Board will be enforced.