Elizabeth Hunter Polk v. Commissioner.
Polk v. Commissioner
Docket No. 6579.
United States Tax Court
1946 Tax Ct. Memo LEXIS 197; 5 T.C.M. (CCH) 357; T.C.M. (RIA) 46107; May 8, 1946
*197 Gifts in trust. - Held, that the gifts of trust corpus were future interests. Held, further, there is no proof that the gifts of the trust income had any value. Accordingly, no exclusions are allowable. Hubert A. McBride, Esq. and J. S. Allen, Esq., 800 Commerce Title Bldg., Memphis 3, Tenn., for the petitioner. S. Earl Heilman, Esq., for the respondent. TYSON Memorandum Findings of Fact and Opinion The respondent determined a deficiency in petitioner's gift tax for the calendar year 1943, in the amount of $347.14, all of which is in controversy. The sole issue is whether, in computing gift tax liability, respondent erred in disallowing three exclusions totalling $9,000, based on his determination that petitioner's gifts in trust for the benefit of three beneficiaries constituted gifts of *198 "future interests in property", within the meaning of section 1003 (b) (3) of the Internal Revenue Code. Findings of Fact Petitioner is a resident of Memphis, Tennessee, and she filed her gift tax return for the calendar year 1943 with the collector for the district of Tennessee. On December 31, 1943, the petitioner as "Settlor" and her daughter, Mrs. Margaret Polk Aden, as "Trustee", executed a written irrevocable declaration of trust, whereby the settlor transferred 90 shares of preferred capital stock of the C. W. Hunter Company, having a market value of $9,000, to the trustee, to hold, manage, control, invest, and reinvest such property and any additional or converted trust property, "for the education, maintenance, support and ownership" of the settlor's three grandchildren, "in equal shares". At that time the grandchildren, Adrienne, Cynthia, and Margaret Aden were approximately four, two, and one year of age, respectively. The declaration of trust provided, in part, as follows: II. The income from the trust property during the minority of each of said Adrienne Aden, Cynthia Aden and Margaret Elizabeth Aden, shall be applied by the Trustee, *199 equally, between said beneficiaries for their education, maintenance and support in such manner, and at such times as the Trustee alone may decide, and without being accountable for her acts in so doing, other than those arising from bad faith. That part of income allocable to each beneficiary and unexpended for the education, maintenance and support of said beneficiary, shall be retained by the Trustee for any other purpose deemed by said Trustee to be to the welfare of the said beneficiary. When Adrienne Aden attains her twenty-fifth (25th) birthday, as to her, this trust shall terminate whereupon the Trustee shall apportion the corpus of the estate into three (3) equal shares, and transfer, convey and deliver to Adrienne Aden one of such equal shares, after which she shall have no further interest in the trust property; as to Cynthia and Margaret Elizabeth Aden, the trust shall continue until Cynthia Aden attains her twenty-fifth (25th) birthday, at which time as to her, this trust shall terminate, whereupon the Trustee shall apportion the corpus of the estate into two equal shares, and transfer, convey and deliver to Cynthia Aden one of such equal shares, after which she shall *200 have no further interest in the trust property; as to Margaret Elizabeth Aden, the trust shall continue and when she attains her twenty-fifth (25th) birthday, the then corpus of the trust shall be transferred, conveyed and delivered to her upon which, this trust shall terminate. If at the time of any distribution of corpus by the Trustee, any grandchild shall have died, substitutional distribution shall be made by the Trustee of the share of the grandchild so dying as follows: (a.) As the grandchild so dying by validly executed and duly probated last will shall appoint. (b.) In default of appointment, or in the event no will of such grandchild be probated within six (6) months after the death of such grandchild: If the grandchild so dying be survived by a child or children, or descendants of such child or children living at the time of distribution, then share and share alike to such child or children, or descendants thereof, per stirpes. If the grandchild be survived by no child or children, or descendants thereof, then to my other grandchildren, share and share alike. If all of my grandchildren shall die intestate before complete distribution of the trust estate, leaving *201 them surviving no child or children, or descendants thereof, living at the time of distribution, then to those persons who would have been my next of kin under the intestate laws of the State of Tennessee had I died intestate at the time of such distribution. III. At any time during the continuation of the trust herein created Trustee is hereby given full power and authority, in her absolute discretion, to encroach upon the corpus of the trust estate for the benefit of my beneficiaries, as in the Trustee's sole discretion, she or it, may determine. IV. This is an irrevocable trust. The trust instrument further provided for appointment of a successor trustee in the event of the death of the original trustee during continuance of the trust. The petitioner created the trust because she desired to give the C. W. Hunter Company stock to her grandchildren and since they were minors she desired her daughter to vote the stock and manage and control the trust property for the benefit of the grandchildren. From December 31, 1943 until date of trial of this proceeding in 1945, no dividends had been declared by the C. W. Hunter Company, which is in the contracting business, and no *202 trust income had been expended for the benefit of the three beneficiaries of the trust herein. From 1928 until the end of 1943 only one dividend had been paid on such stock. Opinion TYSON, Judge: The sole issue presented is whether under the facts herein the petitioner's gifts, in 1943, to her three minor grandchildren in trust, constituted present interests in property thus entitling her to three exclusions of $3,000 each in computing gift tax as reported and as now contended for by petitioner, or, whether, as determined by respondent, such gifts constituted "future interests in property" within the meaning of section 1003 (b) (3) of the Internal Revenue Code. [1]
*203 In so far as the remainder interests in the trust corpus are concerned, it is clear that the gifts conveyed to the trust were of future interests. Except for such portion as, under Item III. of the trust instrument might be used by the trustee, in her sole discretion, for the benefit of each beneficiary, the corpus distributable to such beneficiary was to pass to her only upon her attaining the age of 25 years and if she died before attaining that age, her portion, by substitutional distribution was to pass to other parties at the time when she would have attained the age of 25 had she lived. Thus "Under no circumstances were the beneficiaries entitled to the present use, possession, and enjoyment of the corpus of the trust". Lillian Seeligson Winterbotham, 46 B.T.A. 972, 976. See also United States v. Pelzer, 312 U.S. 399; Ryerson v. United States, 312 U.S. 405; Fondren et al. v. Commissioner, 324 U.S. 18; Commissioner v. Disston, 325 U.S. 442; and Alma M. Myer, 2 T.C. 291, and authorities cited therein. Having determined that the corpus of the trust constituted a gift of future interests, it is necessary *204 to consider separately the gifts of the income from the trust corpus, for, as said in Fondren et al. v. Commissioner, supra, "* * * it has been held that if the income of a trust is required to be distributed periodically, as annually, but distribution of the corpus is referred, the gift of the income is one of a present interest, that of the corpus one in futuro." However, in the instant case, even if the trust instrument could be construed to mean that the trustee is required to make periodic application of all the trust income for the beneficiaries' education, maintenance, and support, the decision must go against the petitioner for failure of proof. The record establishes that the trust corpus had a market value of $9,000, but there is no evidence that the right to receive the trust income had any value and the petitioner makes no contention that such right had value. Furthermore, it may be noted that the record shows that from 1928 until the date of trial in this proceeding only one dividend had been paid on the C. W. Hunter Company preferred stock and no dividends had been paid since the creation of the trust. The taxpayer has not sustained her burden of proving *205 that the gift of income had value and the amount thereof. In view of our foregoing conclusions, we hold that petitioner is not entitled to the claimed $9,000 exclusion, or any portion thereof, in the determination of her gift tax liability for the year 1943. Decision will be entered for the respondent. Footnotes
1. SEC. 1003. NET GIFTS. (I.R.C. as amended by sec. 454, 1942 Act) (a) General Definition. - The term "net gifts" means the total amount of gifts made during the calendar year, less the deductions provided in section 1004. (b) Exclusion From Gifts. * * *
(3) Gifts After 1942. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.↩