John William Scarbrough v. Commissioner.
Scarbrough v. Comm'r
Docket No. 17845.
United States Tax Court
1949 Tax Ct. Memo LEXIS 188; 8 T.C.M. (CCH) 480; T.C.M. (RIA) 49114; May 12, 1949
*188 H. Grady Chandler, Esq., Capital Bank Bldg., Austin, Tex., for the petitioner. Donald P. Chehock, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This proceeding involves a deficiency in gift tax for the year 1945 in the amount of $675. The issue is whether a gift in trust was a gift of a future interest in property. Findings of Fact The petitioner, an individual born in 1885 and residing in Austin, Texas, filed his gift tax return for 1945 with the collector for the first district of Texas. The only child of petitioner, J. W. Scarbrough, Jr., hereinafter sometimes referred to as the son, was born June 8, 1915. From 1938 to 1946 the son lived in California and intended to make that state his residence. In 1946 he moved to Austin, Texas, and since *189 then has resided at that place. During 1945 the son was employed and received as salary for his services about $450 a month. On June 8, 1945, when he attained the age of 30 years, the son acquired possession of a trust fund created by his parents, from which, in 1945 and yearly since then, he derived an independent income of about $12,000 from dividends on stock of various corporations. The petitioner's only grandson in 1945, John Lee Scarbrough, hereinafter referred to as the donee, was born on March 6 of that year. On about March 10, 1945, petitioner mailed to his son, father of John Lee Scarbrough, then living in or near Los Angeles, and the son subsequently received, a check bearing the date March 10, 1945, and drawn on a bank of Austin, Texas, to the order of J. W. Scarbrough, Jr., trustee, for $3,000. There was no conversation between petitioner and his son at that time in regard to the check. If a letter was written by the petitioner to his son when the check was mailed, upon investigation, they were unable to locate it or a copy of it. On advice of counsel given after March 10, 1945, petitioner had a trust instrument prepared which he signed before a notary public in Austin, *190 Texas, on April 23, 1945. The son signed the document before a notary public in Los Angeles County, California, on June 4, 1945. The instrument so signed reads as follows: "TRUST AGREEMENT "The State of Texas,) "County of Travis.) "Know All Men By These Presents: "The State of California,) "County of Los Angeles.) "THAT THIS AGREEMENT was this day entered into by and between J. W. Scarbrough, of Austin, Travis County, Texas, hereinafter called FIRST PARTY, and J. W. Scarbrough, Jr., of Beverly Hills, Los Angeles County, California, hereinafter called SECOND PARTY, WITNESSETH: "On the 10th day of March, 1945 First Party gave to Second Party a check by First Party payable to J. W. Scarbrough, Jr., Trustee, Second Party herein, for the sum of Three Thousand and no/100 Dollars ($3,000.00), which check has been cashed by Second Party with the understanding and agreement that said amount was given to, and accepted by, Second Party IN TRUST for the use and benefit at all times of John Lee Scarbrough grandson of First Party and son of Second Party, until the said John Lee Scarbrough reaches the age of twenty-one years, at which time the increase of, and income from, said *191 money, if any, together with the part of said money remaining on hand, if any, shall be delivered to the said John Lee Scarbrough. "WITNESS OUR HANDS in duplicate, one copy to be retained by each of the parties hereto, this the 23rd day of April, 1945." * * *
The son has no recollection of any conversation or correspondence with his father between March 10, 1945, and the time of receipt of the trust instrument in regard to the check in the amount of $3,000. In 1945 the son was, and at all times since then the son has been, financially able to support and provide for the personal comfort and necessities of the donee without resorting to the principal or income from gifts made to him by petitioner in 1945, 1946 and 1947 for the benefit of the donee. During that period he never considered it necessary to use any of the gift for the personal comfort or necessaries for the donee. On June 7, 1945, the son opened an interest-bearing savings account in the name of "J. W. Scarbrough, Jr., trustee for John Lee Scarbrough," in a bank located in Los Angeles, and deposited to the credit thereof the check for $3,000. The check was paid on June 12, 1945, by the bank on which it was drawn. *192 No withdrawals of principal or interest were made from the account until 1946 when the son transferred the account to an interest-bearing savings account under the same name in a bank located in Austin, Texas. The petitioner made a gift of $3,000 to his grandson in each of the years 1946 and 1947. The money was deposited in the same account. All of the money, and interest paid thereon, has at all times since then been retained in that account. On October 23, 1948, three days before the taking of the deposition of petitioner and his son for evidence herein, the petitioner and his son executed an instrument reading, in part, as follows: "WHEREAS, by written instrument dated April 23, 1945, executed by J. W. Scarbrough, styled First Party, and J. W. Scarbrough, Jr., styled Second Party, it was recited as follows: * * *
"WHEREAS, at the time J. W. Scarbrough gave said check for $3,000.00 aforesaid to J. W. Scarbrough, Jr., on the 10th day of March, 1945, it was the intention of J. W. Scarbrough that said gift aforesaid at the time it was made on March 10, 1945, should be irrevocable, and it was understood by J. W. Scarbrough, Jr., at the time he received and cashed said check *193 that the gift was irrevocable. "NOW, THEREFORE, I, J. W. Scarbrough, for the purpose of expressing in writing what was intended then, do by these presents declare that the gift of $3,000.00 on March 10, 1945, in trust as aforesaid was intended then to be, and is now, and has at all times been irrevocable, and I, J. W. Scarbrough, Jr., do declare that I have at all times considered said gift aforesaid as irrevocable." The petitioner and his son never had any understanding on how much of the trust fund would be accumulated and retained for the donee until he reached 21 years of age, or used by the son for the benefit of the donee. There was an understanding that the son would have the sole use of the money for the benefit of the donee. Petitioner placed no restrictions upon the control of his son over the fund or on the use of the fund for the benefit of the donee. The trustee was the sole judge, in his discretion, of whether it was necessary to spend all of any part of the trust fund for the use and benefit of the donee, and, if so, how the money was to be used for that purpose. No guardian has ever been appointed for the estate of the grandson. Petitioner in his gift tax return *194 for 1945 reported gifts in the amount of $33,000 and claimed two exclusions each in the amount of $3,000. The respondent in determining the deficiency adjusted upward the amount of net gifts and the tax thereon in prior years, and disallowed the exclusion involved herein, giving the following reasons for the disallowance: "It is held that the gift in trust to J. W. Scarbrough, Jr., for the use and benefit of John Lee Scarbrough was a gift of a future interest in property, and that under the provisions of Section 1003(b) of the Internal Revenue Code, as amended by Section 454(3) of the Revenue Act of 1942, no exclusion is allowable." Opinion Section 1003(b)(3) of the Internal Revenue Code allows an exclusion of $3,000 in the case of gifts "other than gifts of future interests in property." Section 86.11 of Regulations 108, defining future interests as interests "limited to commence in use, possession, or enjoyment at some future date or time," has been approved repeatedly. Commissioner v. Disston, 325 U.S. 442. The substance of petitioner's contention here is that the donee has a right to the present enjoyment of *195 the property. In support of his contention, he refers us to the provision of the trust instrument reciting that the fund was "for the use and benefit at all times of" the donee, which provision, he says, unqualifiedly made corpus and income therefrom available in the hands of the trustee for the use and benefit of the donee on any day during his minority. In short, the contention is that the property was "immediately available" for the donee. In Fondren v. Commissioner, 324 U.S. 18, the court said that in addition to a vested right, the donee "must have the right presently to use, possess or enjoy the property" and that "whatever puts the barrier of a substantial period between the will of the beneficiary or donee now to enjoy what has been given him and that enjoyment makes the gift one of a future interest within the meaning of the regulation." It also said: "* * * A fortiori, if income is to be accumulated and paid over with the corpus at a later time, the entire gift is of a future interest, although upon specified contingency some portion or all of the fund may be paid over earlier. The contingency may be the exercise of the trustee's discretion, either absolute *196 or contingent. It may also be the need of the beneficiary, not existing when the trust or gift takes effect legally, but arising later upon anticipated though unexpected conditions, either to create a duty in the trustee to pay over or to permit him to do so in his discretion." In the Disston case, supra, the court said: "* * * In the absence of some indication from the face of the trust or surrounding circumstances that a steady flow of some ascertainable portion of income to the minor would be required, there is no basis for a conclusion that there is a gift of anything other than for the future. * * *" The trust deed involved herein contains no provision giving the donee any present right to a steady flow of corpus or income therefrom, assuming he had a right in equity to demand application of the fund to his use and benefit. See Welch v. Paine, 130 Fed. (2d) 990. The provision providing for distribution to the donee upon reaching 21 years of age of any unexpended corpus and accumulated income, contemplates that some part of the fund may not be used for the recited purpose and infers that during the life of the trust the trustee should, in his sole discretion, *197 determine expenditures and accumulations. Moreover, the evidence is clear that it was the understanding of both trustor and trustee that "it was up to"the trustee "to determine whether or not it [the money] was to be used or retained until the grandson reached 21 years of age" (as the trustor expressed it) and that the trustee was to "make the final decision as to whether the money was to be expended or retained" as the trustee affirmed when he answered "Yes" to a question whether that was his understanding. In addition, it is to be noted that the trustee was given no instructions. In our view, this makes this a clear discretionary matter, for if the trustee could make the "final decision," and determine as to use or retention of the money, he obviously had power to use discretion. It may, in fact, be doubted, from the language of the instrument dated April 23, 1945, whether this discretion extended to the increase or income from the trust corpus, for literally it is there provided that "at which time [age 21 of beneficiary] the increase of, and income from, said money, if any, together with the part of said money remaining on hand, if any, shall be delivered to the said John Lee *198 Scarbrough." This language is some indication that if there was any "increase of and income from" the corpus it must be kept and delivered to the beneficiary at age 21, and that only as to corpus could there be expenditure prior to that date. In that case, of course, there would clearly be gift of future interest as to "increase of and income from" the corpus. Taking all the evidence, however, (and the instrument is clearly ambiguous on the point requiring consideration of oral explanation; if as petitioner urges the trust is oral, the oral explanation is likewise properly considered) we consider the discretion, as to retention or use, to extend to both corpus and income. The history of the trustee's administration of the trust over a period of about three years discloses his power in that regard, for, until the date of the hearing herein, no payments had been made out of the fund and accumulations. Such action is consistent with the proof made that the trustee was the sole judge of how and when to use the fund for the benefit of the donee. See Commissioner v. Disston, supra.It is thus apparent that the donee's enjoyment of the fund was at all times subject to the discretion *199 of the trustee. Such absolute right as he had was confined to a right to receive at age 21 any unexpended part of the fund. The deposit of the trust corpus at interest obviously does not constitute present enjoyment by the donee of the principal or income therefrom. Such action of the trustee was not payment and did not give the donee any rights immediately to enjoy the gift. In Commissioner v. Sharp, 153 Fed. (2d) 163, relied on by petitioner, the donee had an absolute right to have the net income of the trust applied for his benefit, any balance of income to be accumulated. Likewise in Anna Otis Strekalovsky v. Delaney, 78 Fed. Supp. 556, the donees had present rights to their share of the trust fund upon demand of their legally appointed guardians and the decision follows the Sharp case. We conclude that the gift was of a future interest in property. Fondren v. Commissioner, supra; Commissioner v. Disston, supra; Commissioner v. Phillips' Estate, 126 Fed. (2d) 851; Hutchings-Sealy National Bank v. Commissioner, 141 Fed. (2d) 422; Alma M. Myer, 2 T.C. 291, affd., 149 Fed. (2d) 642; *200 Katherine Schuhmacher, 8 T.C. 453; Andrew Geller, 9 T.C. 484; Estate of Ethel K. Childers, 10 T.C. 566. The respondent on brief raises the further question as to whether a valid gift was completed in 1945. The determination of deficiency holds that there was gift, though of future interest, and the petition specified as error only the failure of the Commissioner to hold that the gift was one of a present interest in property. The answer raises no further issue and none was joined at the hearing though the respondent did then state "* * * it may be in view of the evidence that appears in the deposition the Court will also be called upon to decide whether or not a valid gift at all existed, by virtue of the state laws of Texas and California to the effect that every trust is revocable by the trustor unless it is made irrevocable in the instrument. I mention that so that the Court may be advised that he may be called upon to determine both questions in the case." We regard such "mention" as no fair or proper way to inject a question into the case. No effort was made to amend the answer, even to conform to proof. The petitioner argues that the state *201 law relied on by the Commissioner does not apply to an oral trust such as he contends here is involved. It is altogether possible that had an issue been properly joined on this point, in advance of trial, the proof on the part of petitioner would have been different and fuller to meet the respondent's position. We can not regard it reasonable or just for the petitioner to have to meet the idea because of its mere "mention" at trial, and the briefing thereof. General Utilities & Operating Co. v. Helvering, 296 U.S. 200. This is no case of the respondent without formal issue joined urging additional bases for or to increase his determination of deficiency, such as Hormel v. Helvering, 312 U.S. 552; Commissioner v. Brandegee, 123 Fed. (2d) 58; or Commissioner v. Montague, 126 Fed. (2d) 948. Here the Commissioner seeks on this point to desert his original determination, to act in opposition thereto, and to decrease the deficiency determined. It would not, in our opinion, "promote the ends of justice," as expressed in the Hormel case, to require the petitioner to meet this contention. We find neither issue joined or sufficient reason *202 to proceed without such joinder; on the contrary see good reason for not so proceeding. We do not decide the contention. Our conclusion on the previous issue sustains the determination of deficiency as made. Decision will be entered for the respondent.